# Green *v.* The State.

### *Indictment for Murder.*

1.  *Question assuming truth of controverted fact, or stating it as a matter
of notoriety.*—On a trial for murder, whether or not the deceased was
killed, and if so at what place, being controverted facts, a question to
a witness for the State as to whether he knew the place where the
deceased "was said to have been killed," was objectionable, in assum-
ing that the deceased was killed ,and in stating the killing as a matter
of notoriety ; the question not being merely introductory to testi-
mony by the witness as to other facts competent to be proved.

2.   *Murder; evidence of the disposition of the body of the deceased.*—On
a trial for murder, evidence that a witness, during a search for the
body of the deceased, found a place where some one had been buried,
and in digging down found traces of blood. and clothing worn by the
deceased on the day of her disappearance, is not irrelevant.

3.   *Corroborating witness by proof that he made same statement before
trial; when error in admitting illegal evidence not cured by its withdrawal.*
The State should not be permitted to corroborate one of its own wit-
nesses by introducing other witnesses to prove that he had made the
same statement to them to which he deposed, or that he had pointed
out to such other witnesses a spot in regard to which he had testified ;

[Green v. The State.]

and if such evidence is admitted against the objection of the defend-
ant, the error is not cured by its subsequent exclusion, when the
court, in instructing the jury not to regard this evidence, accompa-
nied the instruction with the remark that it regarded the evidence
as legal.

APPEAL from the Circuit Court of Sumter.

Tried before the Hon. S. H. SPROTT.

The defendant was tried upon issue joined on the plea of
not guilty.

Evidence introduced by the State tended to show that the
defendant and the deceased quarrelled while on the road to
Livingston, near the five-mile post, and that the defendant
killed the deceased in a ravine near that place.   There was
also evidence tending to show that the defendant first buried
the deceased in the Cockrell field, and afterwads, with the
assistance of his brother, the witness Henry Green, took
up the body, carried it to another place, and re-buried it.

The solicitor asked Barney McNeil, a son of the deceased,
and a witness for the State, the following question: "During
the search for the body of Harriet Marr, did you find a
place in the Cockrell field where some person had been
buried, and if so what evidence of a burial of such person?"
To this question the defendant objected, on the ground that
the answer sought to be elicited was irrelevant.   The court
overruled the objection, and the defendant excepted.   In
answer to the question the witness stated that he saw signs
of fresh earth having been dug up, and that in digging down
into the earth he found blood and maggots, and also an
underskirt which belonged to his mother, Harriet Marr, and
had been worn by her on the morning that she left home.
The defendant moved to exclude the answer, on the ground
that it was irrelevant, and excepted to the action of the court
in overruling this motion.

The statements by the witnesses Henry Green and Mr.
Steve Smith, which are discussed in the opinion, were ex-
cluded at the request of the solicitor, after they had been
admitted against the defendant's objections.

SMITH, VANDEGRAAF & TRAVIS, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendant was convicted of the
murder of Harriet Marr and sentenced to be hung.   The
case is brought here for review of the ruling of the trial
court upon the admission of certain testimony.   The witness

[Green v. The State.]

Armistead Gray was asked, "Do you know the place where Harriet Marr was said to have been killed?" The witness answered he did. Both the question and answer were objected to. *Prima facie* it may be both the question and answer were objectionable. It is permissible, in fact, unavoidable, sometimes to propound a question, *prima facie* objectionable, when it is merely·introductory to other questions, necessary to elicit facts which are legal evidence. Whenever it is subsequently shown that the apparent illegal evidence is a connecting part ·of, or explanatory of, legal evidence and was only used as necessarily introductory thereto, an objection to it can not be sustained. But unless its admission is justified by subsequent testimony, or is afterwards excluded from the jury by the court, it is reversible error. The only other question propounded to this witness contains the same objectionable expression, "Where did Tillman Autrey live at the time Harriet Marr *is said to have been killed?*" Both these questions and answers were calculated to impress the jury with the impression as a fact proven that Harriet Marr was killed, and at a certain place. It was necessary for the State to prove by legal evidence that Harriet Marr was killed. If it had been conceded by the defendant that Harriet Marr was killed, and at the certain place referred to, perhaps it would have been permissible to have pursued this short way to get at other facts, to be thereafter inquired about. It was an easy matter to have framed proper questions to this witness in order to elicit the only facts for which it seems from the record he was introduced. There was evidence tending to show that the homicide had been committed near a designated mile post. Do you know where the five-mile post is on the Livingston and Gainesville road? Do you know where Tillman Autrey lives? How far is it from one to the other? Similar questions would have elicited facts to which the witness, if he knew, could testify. *Who said* she was killed there? General notoriety is sometimes admissible to prove notice of an existing fact, but very rarely to prove the fact itself. It is the safer practice to observe well recognized rules, and especially in cases of such grave importance.

The objection to the testimony of Barney McNeal was properly overruled.

The witness Henry Green having testified, among other things, to the removal of the body from the grave, was asked by the solicitor, if he had shown the place to any one and to whom. The witness replied that he had shown the place to the sheriff and to Mr. Steve Smith. Both question and

[Green v. The State.]

answer were objected to.   Mr. Steve Smith was then put upon the stand, and, against the objection of the defendant, testified that the witness Henry Green had shown him the place.   This is the full extent of the testimony of Mr. Steve Smith.   If Mr. Smith had been examined as to facts, that he saw a place which indicated that some one had been buried there, or exhumed, or marks of a struggle, or any signs or evidence tending to show a murder had been committed, this would have been legal evidence, and it was entirely competent for him to have stated that the witness Green had pointed out to him the spot where these indications were to be seen.   It served to identify the spot as the same one testified to by the witness Green.   The statement that the witness Green had shown it to him then would not be evidence for any purpose other than to identify it, as being the same place in regard to which he had testified. So far as the *facts* testified to by the witness Smith agreed with Green, the latter would be corroborated.   But a witness can not corroborate himself by introducing other witnesses to prove that he made the same statement to them to which he deposed, or that he showed other witnesses a spot in regard to which he had testified.   It is insisted that this error was cured by the court by excluding afterwards from the jury the testimony of the witnesses Green and Smith in this respect.   It has been held often in this State that testimony improperly admitted in the first instance, and afterwards excluded by the court, with instructions to the jury not to regard it, the error was remedied, and the objection unavailable on appeal.—*Jackson v. State*, 94 Ala. 85; *Childs v. State*, 55 Ala. 30; *Jordon v. The State*, 79 Ala. 12. This court regards with caution the practice of admitting illegal evidence and afterwards excluding it.   It has frequently declared that the practice can not be encouraged, and when the record shows that anything was wrongfully said or done in the presence of the jury by the court, calculated to produce an impression upon the minds of the jury to the prejudice of the defendant, this court will reverse the case.   Although the court instructed the jury not to regard this evidence, it was accompanied with the statement that *the court regarded the evidence as legal.— Griffin v. State*, 90 Ala. 601.   It is a difficult matter to entirely remove impressions once made upon the jury by the introduction of illegal evidence, and we can not say it has been done, when the jury are told by the court, in effect, that notwithstanding its exclusion, the court is still of the opinion that the evidence is legal.   For the errors mentioned, the case must be reversed and remanded.

Reversed and remanded.