### SEXTON et al. v. STATE (4 Div. 672.)

(Court of Appeals of Alabama. July 10, 1923. Rehearing Denied Oct. 16, 1923.)

1. **Criminal law** ☞368(1)—Testimony held not within res gestæ rule, and exclusion proper where its effect was to fortify testimony of witness.

In prosecution for murder committed on a country road, in which the defense was alibi, testimony offered by defendants to prove declarations of J. T. and B. at the time they left P. T.'s house, to the effect they were going to house of S., accused's relative, held not res gestæ evidence, and refusal to admit it was not error where the object of J. T.'s visit to S.'s house was not material to any inquiry in the case, and the testimony would only have fortified J. T.'s testimony that he was at S.'s house, which was denied by other state witnesses.

2. **Criminal law** ☞364(½)—Reason for rule permitting admission of concurrent declarations of accused setting out on journey admissible.

The reason for the rule that the concurrent declarations of accused setting out on a journey, explanatory of the object he has in view, may be shown as part of the res gestæ, is to permit accused to show the object he had in going to the place where the crime was committed as bearing upon his motive, intent, or acts.

3. **Witnesses** ☞414(2)—Witness may not corroborate his testimony by his declarations or acts.

A witness may not corroborate or fortify his testimony by showing his declarations or acts.

Appeal from Circuit Court, Crenshaw County; Arthur E. Gamble, Judge.

Marion, alias Cabe, and Bob Sexton and others were jointly indicted for murder in the first degree. From a judgment on verdict adjudging the named defendants guilty of manslaughter in the first degree, they appeal. Affirmed.

Certiorari denied by Supreme Court in Ex parte Sexton, 210 Ala. 656, 98 South. 706.

James J. Mayfield, of Montgomery, and Ira B. Thompson, of Luverne, for appellant.

The declarations made by the witnesses Trainum and Bolling in setting out upon their journey should have been admitted as a part of the res gestæ. Harris v. State, 96 Ala. 24, 11 South. 255; Campbell v. State, 133 Ala. 81, 31 South. 802, 91 Am. St. Rep. 17; Maddox v. State, 159 Ala. 53, 48 South. 689.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The declarations sought to be proven were not by the defendants, nor did they form a part of the res gestæ. The authorities cited by appellant are inapt to this case. A witness may not corroborate himself, or fortify his testimony by proving his declarations and acts. Granberry v. State, 184 Ala. 5, 63 South. 975; 12 Michie's Ala. Dig. 1321; Pope v. State, 168 Ala. 33, 53 South. 292.

FOSTER, J. [1, 2] The appellants were tried jointly with four others for murder in the first degree; these defendants were con-

victed of manslaughter in the first degree, and the other defendants were acquitted.

The deceased, John Welch, was shot and killed between 8:30 and 9:30 o'clock at night on the way to his home, which was 10 or 12 miles from Luverne. Certain witnesses heard the shot fired, and shortly thereafter went to the automobile of the deceased, which was standing in the road about a quarter of a mile from deceased's home, with the lights still burning. When the deceased was found he was near the car in a sitting position in a ditch by the side of the road, with his body leaning back against the bank of the ditch and facing the road. A load of small shot entered his body in his groin on the right side and had penetrated his bowels. The gunshot wound caused his death. There were circumstances tending to connect the defendants with the killing, and evidence of threats by some of the defendants against the deceased. The defense was an alibi.

Counsel for appellants insist that the trial court committed reversible error in declining to allow the defendants to prove the declarations of Joe Trainum and Dove Bolling at the time they left Pete Trainum's house that they were going to Lee Sexton's house. Joe Trainum had testified that he saw one of the defendants at Lee Sexton's house at the time of the killing, and certain state witnesses had testified that Joe Trainum was at a church several miles distant at the time of the homicide. Appellant's counsel insist that the evidence offered falls within the rule that what a person says on setting out on a journey, or to go to a particular place, explanatory of the object he has in view in so setting out, is res gestæ evidence, and may be proven. Harris v. State, 96 Ala. 24, 11 South. 255; Campbell v. State, 133 Ala. 81, 31 South. 802, 91 Am. St. Rep. 17; Maddox v. State, 159 Ala. 53, 48 South. 689. The reason for the rule laid down is to permit the defendant to show the object or purpose he had in going to the place where the crime was committed, as bearing upon his motive, intent, or acts.

That the evidence offered does not fall within the rule stated has been recently decided by our Supreme Court in the case of Hill v. State, 210 Ala. 221, 97 South. 639. Our court there declared:

"It was not competent for defendant's witness Wingo, who testified that he met Ed Hill, one of the alleged conspirators, on the morning of the murder between daylight and sunup, to further testify that Ed Hill then said he was going to Creeltown and to the mill. * * * It clearly does not come within the rule that the concurrent declarations of one setting out on a journey, explanatory of the object he has in view, may be shown as part of the res gestæ."

[3] The object or purpose of Joe Trainum in going to Lee Sexton's house was not material to any inquiry in the case, and the only effect of the evidence offered would be to fortify the witness' testimony. It is not permissible for a witness to corroborate or fortify his testimony by showing his declarations or acts. Pope v. State, 168 Ala. 33, 53 South. 292, 12 Michie's Dig. p. 1321, par. 321.

There was no error in refusing to allow the evidence offered by the defendant.

There is no merit in the other exceptions reserved.

The record is free from error, and the judgment of the circuit court is affirmed.

Affirmed.