(114 So. 568)

WEST v. STATE. (8 Div. 571.)

Court of Appeals of Alabama. May 24, 1927.

Rehearing Denied Aug. 2, 1927.

189

G. O. Chenault, of Albany, Sample & Kilpatrick, of Hartselle, and A. A. Griffith, of Cullman, for appellant.

Charlie C. McCall, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

BRICKEN, P. J. From a judgment of conviction for manslaughter in the first degree, this appeal was taken.

The indictment preferred by the grand jury against this appellant, defendant in the court below, charged murder in the first degree in that he unlawfully and with malice aforethought killed Asbury Murray by shooting him with a pistol. The verdict of the jury finding him guilty of manslaughter in the first degree operated as an acquittal of the accused of the offenses of murder in the first and second degrees, and renders unnecessary a discussion of all questions here presented which relate only to the offense or charge of murder. The jury fixed the punishment at seven years' imprisonment in the penitentiary.

At the conclusion of the evidence for the state, upon the direct, defendant moved the court to exclude all the evidence. This motion was properly overruled, and the insistence to the contrary is without merit and cannot be sustained. The evidence at this juncture tended to show that the deceased had been killed by having been shot, and the undisputed evidence disclosed that there were three bullet holes in the back of deceased. Thus the corpus delicti was proven and there was ample evidence as to the guilt of the defendant to present a jury question.

It was shown that appellant was a policeman of the town of Albany on active duty. As such he had a right to be in any part of the city. Consequently the court did not err in refusing to allow testimony as to the instructions given to the said policeman by his chief about going to the particular part of the city where the homicide occurred. Especially is this true as there was nothing in the testimony tending to show any motive, on the part of the defendant for killing the deceased, arising or existing prior to the time of the actual difficulty.

A vital question in the case, so far as deceased's right to resist the attempted arrest, which alleged resistance caused his death, was as to whether or not defendant at the time of arresting or attempting to arrest deceased knew and recognized that deceased was then and there engaged in the commission of a misdemeanor. This, since admittedly defendant had at the time no lawfully issued warrant to arrest deceased. Therefore defendant's testimony showing that such bottles and jugs were not taken into consideration by him at the time of the difficulty, the court properly refused testimony by the chief of police as to later finding certain jugs and bottles near the scene. For a like reason the testimony as to such jugs and bottles by Walter Rainey was properly refused.

The testimony of the witness Gailey, as to what Robert Stewart, who was under joint

indictment with defendant for the killing of the deceased, had and said a short time after the killing, was properly excluded. A witness may not corroborate or fortify his testimony by showing his declarations or acts. Sexton et al. v. State, 19 Ala. App. 408, 98 So. 705.

■ The special charges given at the request of the state, four in number, are not numbered, or otherwise designated or identified. This should always be done in order to avoid confusion. We have lettered these charges A, B, C, D. Charge A was sustained by the undisputed evidence in this case. It is admitted in brief of counsel that:

"No one ever examined the negro's (deceased's) body for wounds, except his son, who saw the body at the undertaker's on the next afternoon, and he testified he was shot in the back of the head, in the back of the neck, and back underneath the shoulder. There were three holes behind and one in front of the neck where the bullet in the back of the neck came through."

This charge having been given, it became a part of the law in the case and was to be considered by the jury in connection with the oral charge of the court, and in the exhaustive and most excellent oral charge, covering as it does about 20 pages of this transcript, the court repeatedly instructed the jury as to the correct hypothesis in considering and weighing the evidence. See, also, Cowen v. Eartherly Hdw. Co., 95 Ala. 324, 328, 11 So. 195. The three remaining charges given at request of the state properly stated the law and were in line with the general oral charge of the court.

Several of the charges refused to defendant were affirmative in their nature. From the evidence in this case these charges were properly refused as the defendant was not entitled to the affirmative charge.

■ Some of the refused charges deal only with the question of murder; the defendant having been acquitted of murder in either degree by the verdict of the jury, the refusal of these charges could have in no manner injuriously affected his substantial rights.

■ Numerous other charges were refused to defendant, but we find upon examination each of such charges that contain correct statements of the law were fairly and substantially covered by the court's oral charge and in several instances by charges given at the instance of defendant.

We discover no error of the court in the rulings invoked and to which exceptions were reserved. In our opinion this defendant was tried in a careful and painstaking manner, that he received a fair and impartial trial; and more than this he has no right to expect or demand. The record is regular in all things. Let the judgment of conviction in the circuit court stand affirmed.

Affirmed.