(129 So. 485)

## SIMS v. STATE.

### 7 Div. 633.

Court of Appeals of Alabama.

June 30, 1930.

L. L. Saxon and W. W. Wallace, both of Columbiana, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

## SAMFORD, J.

The defendant was convicted of the murder of Simon Eddings. The facts are in sharp conflict. Those for the state tending to show that while the fatal shot was fired by one Walter Fancher, this defendant is particeps criminis, in that he aided and abetted in the crime, which according to the undisputed evidence was murder in one of the degrees. There is no element of justification for the homicide in any of the testimony, the defendant contenting himself in testifying and offering evidence by others tending to prove that he in no way, by word or deed, participated in the crime, and he points to the fact that there is an entire absence of any testimony tending to prove a motive on his part to commit the crime.

In his oral charge to the jury the court said:

"A life has been taken and there is no means of restoring this life however, this fact does not mean that this defendant should be punished, because there may have been a justification and if so, the defendant should not be punished."

This part of the court's charge places upon the defendant a burden not properly in the case. The defense was not that of justification. The defendant simply claimed that he did not commit the act and had no hand in it. The charge of the court injects into the trial an issue not made by any plea and requires the defendant to make proof when the whole issue as made by defendant was something else. The above-quoted excerpt from the court's oral charge is in plain violation of section 9507 of the Code of 1923. Clemons v. State, 167 Ala. 20, 52 So. 467.

Refused charges a, b, and c state correct propositions of law and should have been given. Brown v. State, 118 Ala. 111, 23 So. 81; Veasey v. State, 20 Ala. App. 478, 103 So. 67; Motes v. State, 20 Ala. App. 195, 101 So. 286; Fetner v. State, 22 Ala. App. 128, 113 So. 467; Brown v. State, 22 Ala. App. 290, 115 So. 68.

Refused charge XXX states a correct proposition of law, but was covered in the court's oral charge.

Other questions presented need not be decided.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.