197 So. 364

## KEY v. STATE.

### 2 Div. 161.

Supreme Court of Alabama,

May 9, 1940.

Rehearing Denied June 20, 1940.

20

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the motion.

Geo. O. Miller and Geo. O. Miller, Jr., both of Livingston, opposed.

GARDNER, Chief Justice.

In view of the extended opinion of the Court of Appeals in this case our former opinion is of no material value here. Maston Key v. State, post, p. ——, 197 So. 363, present term.

As disclosed by the opinion of the Court of Appeals the conviction was for robbery: one of the victims from whose possession the property was taken being George Lewis. Lewis identified defendant Maston Key as the party who (omitting unessential details) came to his garage in Cuba, Alabama, held him up at the point of a pistol, and forced from him possession of the two slot machines, the stolen property.

The defense was an alibi. Lewis made positive identification of the defendant as the guilty party, while defendant and his witnesses testified to facts tending to show it was physically impossible that he could have been connected with the crime. Lewis testified that sometime after the robbery, he was in Meridian, Mississippi, and saw this defendant. Identification of the defendant as the guilty party was the principal, if not indeed the sole, controverted issue in the case, and the relevancy and admissibility of this evidence does not appear to have been questioned. Beavers v. State, 103 Ala. 36, 15 So. 616; Yarbrough

v. State, 105 Ala. 43, 16 So. 758; 1 Wharton on Criminal Evidence, section 439; note, State v. Buschman, 325 Mo. 553, 29 S.W.2d 688, 70 A.L.R. 904.

The reversal of the judgment of conviction by the Court of Appeals is rested solely upon the fact that the trial court, over defendant's objection, permitted the State's witness Tom Upchurch to testify that he was with Lewis on the occasion in Meridian when Lewis saw defendant, and that the man Lewis saw was this defendant. The opinion of the Court of Appeals rests this conclusion upon Shamberger v. State, 221 Ala. 538, 130 So. 70, and Green v. State, 96 Ala. 29, 11 So. 478, 479, wherein it is recognized that "a witness cannot corroborate himself by introducing other witnesses to prove that he made the same statement to them to which he deposed, or that he showed other witnesses a spot in regard to which he had testified."

The authorities cited in brief for defendant, which we have carefully examined (Byrd v. State, 209 Ala. 65, 95 So. 655; Jones v. State, 107 Ala. 93, 18 So. 237; Pope v. State, 168 Ala. 33, 53 So. 292; Green v. State, 233 Ala. 349, 171 So. 643; Sexton v. State, 19 Ala.App. 408, 98 So. 705), are all to like effect. But we are of the opinion the principle of these cases is inapplicable here.

The witness Lewis is not offering to show he made a statement to others similar to that he now testifies, or is otherwise attempting to bolster up his testimony by proof of anything he did. The State merely offers a witness who was with Lewis at the time, and who testifies to a fact, that is, that the man Lewis saw was this defendant. That was an independent fact to which the witness Upchurch could testify just as to any other fact. True, it serves the purpose of corroborating Lewis to that extent, but this the State had a right to do. 70 Corpus Juris 1179. The reasoning of this Court in Green v. State, 96 Ala. 29, 11 So. 478, makes the distinction, wherein the Court says:

"Mr. Steve Smith was then put upon the stand, and, against the objection of the defendant, testified that the witness Henry Green had shown him the place. This is the full extent of the testimony of Mr. Steve Smith. If Mr. Smith had been examined as to facts,—that he saw a place which indicated that some one had been buried there or exhumed, or marks of a

struggle, or any signs or evidence tending to show a murder had been committed,— this would have been legal evidence, and it was entirely competent for him to have stated that the witness Green had pointed out to him the spot where these indications were to be seen. It served to identify the spot as the same one testified to by the witness Green. The statement that the witness Green had shown it to him then would not be evidence for any purpose other than to identify it as being the same place in regard to which he had testified. So far, then, as the facts testified to by the witness Smith agreed with Green, the latter would be corroborated. But a witness cannot corroborate himself by introducing other witnesses to prove that he made the same statement to them to which he deposed, or that he showed other witnesses a spot in regard to which he had testified."

So in the instant case Upchurch testified to a fact, that is, the identification of the defendant as the man Lewis saw in Meridian. Such proof comes well within the reasoning of the Court in the Green case, above reproduced. The case of Treadwell v. State, 168 Ala. 96, 53 So. 290, 291, is illustrative: the holding of the Court, so far as here pertinent, being as follows: "The state's witness, Tucker, having testified that he was sent by Mr. Grant with $1.50 to purchase from the defendant whisky for him, Grant, and that, having purchased the whisky from the defendant, he, witness, delivered it to Grant, it was permissible to prove by Grant that he gave the witness Tucker the $1.50, and told him to go and buy it from the defendant, and that Tucker took the money, and returned and delivered to him the bottle of whisky." See, also, 70 Corpus Juris 789 and 1179; 1 Greenleaf on Evidence, 16th Ed., section 469.

We are therefore of the conclusion that error to reverse was not committed by the trial court in respect to the ruling on the evidence as herein indicated, and that the holding of the Court of Appeals to the contrary is erroneous. The writ is awarded, the judgment of the Court of Appeals reversed and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

Writ awarded. Reversed and remanded.

THOMAS, BOULDIN, BROWN, and FOSTER, JJ., concur.