The defendant was indicted and convicted for shooting at a railroad locomotive in or on which there were human beings. Alabama Code (1975), Section 37-8-93. Sentence was two years' imprisonment.
The sufficiency of the evidence to sustain the verdict was not challenged at trial and is not made an issue on appeal.
The only allegation of error is that of the trial judge's oral instructions to the jury on the legal principles of conspiracy, accessories and accomplices. The defendant argues that charging the jury on these principles was error because there was no evidence that the defendant acted in concert with anyone in committing the crime.
On September 11, 1978, Southern Railway yard conductor Hubert Foshee was riding on the side of a locomotive when he heard a *Page 1197 
"sprinkling" sound on the engine and was wounded in the leg by a shotgun pellet. He looked up and saw the defendant holding a shotgun standing in an open field thirty to forty feet away. The defendant motioned for the railroad workers to come toward him.
Approximately five minutes later Mr. Foshee saw the defendant on top of an embankment about one hundred feet away. The defendant was pointing a shotgun directly at the locomotive. He also saw another man aiming a rifle at the engine from behind a pine tree. As the locomotive continued to back up, both the defendant and the man with the rifle walked toward the engine.
The State's evidence was circumstantial and afforded a proper inference that the defendant personally fired the shotgun blast which struck the locomotive. It was never contended that the defendant was merely an accessory who aided another who actually fired the shotgun. While there was some indication that others may have aided or were present with the intention to aid the defendant, the evidence only justified a finding that the defendant acted as a principal and not as an accomplice. Hence, the instructions on conspiracy and the criminal liability of an accessory or accomplice were not strictly applicable to the issue of the defendant's guilt.
Instructions containing abstract propositions of law which are inapplicable to the issues or facts are not ground for reversal, unless the defendant may reasonably be regarded as having been prejudiced thereby. Mack v. State, 348 So.2d 524,529 (Ala.Cr.App. 1977). A trial court will not be put in error for charging a correct principle of law, though it might not be strictly applicable to the case on trial, unless the natural tendency of the charge is to mislead the jury. Cleveland v.State, 20 Ala. App. 426, 429, 103 So. 707 (1924), cert. denied,Ex parte Cleveland, 212 Ala. 635, 103 So. 711 (1925).
We have searched the record for error and, finding none, affirm the judgment of the circuit court.
AFFIRMED.
All Judges concur.