The defendant was indicted and convicted for unlawfully attempting to obtain a controlled substance, talwin by the use of a forged prescription. Alabama Code 1975, Section 20-2-72
(3). Sentence was fixed at six years' imprisonment.
On appeal the defendant challenges the sufficiency of the evidence to support the conviction. The question we must specifically answer is whether the testimony of a third person who heard and observed the extrajudicial identification of the defendant is admissible as to the fact of such identification. We hold that it is.
Ethel Walker was employed at Southway Drug Department in Jefferson County. At approximately 9:30 on the morning of July 10, 1978, a customer entered and gave her a prescription to be filled. She gave this prescription to the pharmacist. Because Mrs. Walker admitted that she could not identify this customer her in-court identification of the defendant was suppressed.
The pharmacist, James Arthur Beard, Jr., did not see who handed Mrs. Walker the prescription. However, at the time, Mrs. Walker identified the man to Mr. Beard who then saw the individual. Once Mr. Beard received the prescription he telephoned the police. When the police arrived, Mr. Beard identified the defendant who was still in the store and the defendant was arrested. Upon being arrested the defendant denied giving anyone a prescription.
When the defendant was arrested, Mrs. Walker made a statement that "she would have trouble about identifying the person, or something" meaning that "she could identify him on that occasion, but that she didn't know about six months from now".
The testimony in the record reveals that Mr. Beard's identification of the defendant as the individual who gave Mrs. Walker the forged prescription was based on what she told him at the time. It is equally clear that Mrs. Walker was able to identify the man who gave her the forged prescription when he actually handed it to her and that she could not identify him at a subsequent date.
Any review of the law on Alabama evidence must begin with a reference to the works of Judge J. Russell McElroy. In C. Gamble, McElroy's Alabama Evidence § 273.01, the rule is stated:
 "A statement which is useful in identifying a person, time, place or other thing is admissible for that purpose as a hearsay exception. The statement, of course, may not be considered as evidence of the truth of the matter asserted but only for the limited purpose of identification."
(Footnote citing authority omitted).
While there is a split of authority on this issue among the different states, the rule above cited is the law in Alabama. Anno. 71 A.L.R.2d 449, at 482-485, 491 (1960). The fact that a third person observed another identify the defendant is "an independent fact to which the witness . . . could testify just as to any other fact". Key v. State, 240 Ala. 19, 20,197 So. 364 (1940), relying on Green v. State, 96 Ala. 29, 11 So. 478
(1891); see also State v. Wilson, 38 Wn.2d 593, 231 P.2d 288, cert. denied, *Page 616 342 U.S. 855, 72 S.Ct. 81, 96 L.Ed. 644 (1951).
Under these circumstances the identification of the defendant was sufficient to present a question of fact for the jury. The discrepancies in the testimony of Mr. Beard and the arresting officer as to the defendant's dress involve the weight to be given to the identification testimony rather than its admissibility. Colston v. State, 57 Ala. App. 4, 15,325 So.2d 520, cert. denied, 295 Ala. 398, 325 So.2d 531 (1975).
In this case, the defendant was connected to the crime only through eyewitness testimony and his presence in the store. It is uncontradicted that the defendant was the only male observed in the store during the particular time involved. No fingerprint or handwriting analysis was made of the forged prescription. While the basic deficiencies inherent in human observation and perception must be recognized, T. Cunningham and D. Tyrrell, Eyewitness Credibility: Adjusting The Sights ofthe Judiciary, 37 Ala. Law. 561 (1976), the evidence in this case is legally sufficient to support the verdict of the jury.
We have searched the record for error prejudicial to the defendant. Finding none, we affirm the judgment of the Circuit Court.
AFFIRMED.
All Judges concur.