[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1357 
Appellant was indicted by the Covington County Grand Jury for the offense of burglary in the second degree. The jury returned a verdict of guilty as charged, and the trial court sentenced appellant to twenty-five years' imprisonment. Because the sufficiency of the state's evidence to sustain the conviction is not questioned on appeal, a complete rendition of the facts is unnecessary.
In the early morning hours of May 26, 1982, twelve-year-old Roxanne Marcel awoke in her bedroom at her mother's trailer to find appellant sitting on her bed. When Roxanne attempted to scream, appellant put his hand over her mouth. She testified he hurt her and told her "all I want to do is suck you." The alarm clock sounded in her mother's room at this time and appellant told Roxanne to be quiet and he would leave. Appellant left the trailer and Roxanne slammed the door behind him.
Roxanne stated she could see the man's face that night, and that he and the appellant seated in the courtroom were one and the same man.
 I
Appellant first contends that the trial court erred in charging the jury that a burglary conviction could be based upon either of two alternative specific intent sexual felonies, because the indictment charged only the intent to commit the felony of sexual abuse. The indictment appears in pertinent part below:
 "THE GRAND JURY OF COVINGTON COUNTY CHARGES THAT BEFORE THE FINDING OF THIS INDICTMENT, WILLIAM LLOYD COLEMAN, WHOSE NAME IS UNKNOWN TO THE GRAND JURY OTHER THAN AS STATED, DID UNLAWFULLY ENTER THE LAWFULLY OCCUPIED DWELLING HOUSE OF SYLVIA PHYLLIS DECORTE WITH THE INTENT TO COMMIT A THEFT OR A FELONY THEREIN, TO-WIT: SEXUAL ABUSE IN VIOLATION OF TITLE 13A-7-6 OF THE CODE OF ALABAMA, 1975, . . ."
Despite the limitation in the indictment to the particular felony of sexual abuse, the trial court charged the jury as follows:
 "Now, ladies and gentlemen, this crime of burglary is defined by the statute. It says a person commits the crime of burglary in the second degree, if he unlawfully enters a lawfully occupied dwelling house with intent to commit a theft or a felony therein. So in weighing the evidence to determine if the State has met the burden of proof cast upon it, I would outline to you two felonies which might be embraced within the evidence in this case, but it is your duty and your duty alone to determine whether or not he had the intent to commit a felony.
 "The crime of sexual abuse in the first degree is defined as, a person commits this crime, if he subjects another person to sexual contact by forcible compulsion. That is a felony. And a person commits the crime of sodomy if he being sixteen years old or older engages in deviate sexual intercourse with another person less than sixteen and more than twelve.
 "So forcible compulsion would have to be defined to you and then the deviate sexual intercourse would have to be defined for you and sexual contact would have to be defined for you, so you could determine from all of the evidence whether or not this intent existed if, in fact, you find *Page 1358 
that this Defendant, unlawfully entered into a lawfully occupied dwelling house.
 "Sexual contact is any touching of the sexual or intimate parts of a person not married to the actor done for the purpose of gratifying the sexual desire of either party. Deviate sexual intercourse is any act of sexual gratification by persons not married to each other involving the sex organs of one person and the mouth or anus of another. And forcible compulsion is physical force that overcomes earnest resistance or a threat, expressed or implied, that places a person in fear of serious physical injury to himself or another person."
The judge's charge incorporated and intermingled elements of both first degree sexual abuse under § 13A-6-66 (a)(1), Code of Alabama 1975, and second degree sodomy under § 13A-6-64 (a)(1), Code of Alabama 1975. Clearly the charge quoted above defines "forcible sexual contact" under attempted sexual abuse. It defines "deviate sexual intercourse" under attempted sodomy. Both terms are spelled out in § 13A-6-60, Code of Alabama 1975. Despite this fact, the indictment charges on the intent to commit but one specific felony, that of sexual abuse.
An indictment for burglary must set forth and define the felony intended to be committed. Cliatt v. State, 348 So.2d 509
(Ala.Cr.App. 1977). The intent is the gravamen of the offense charged, although the intended act need not be carried to completion. Yelton v. State, 56 Ala. App. 272, 321 So.2d 234,cert. denied, 294 Ala. 745, 321 So.2d 237 (1975).
The trial court is without power to add to or take away from any material averment in an indictment. Neither may the trial judge charge the jury upon any issue not properly involved in the trial of the case. Crump v. State, 30 Ala. App. 241,4 So.2d 188, cert. denied, 241 Ala. 588, 4 So.2d 190 (1941). See Simsv. State, 23 Ala. App. 594, 129 So. 485 (1930). While the trial judge may not charge on abstract propositions of law which are inapplicable to the crime or facts, such charges are not ground for reversal unless the defendant may reasonably be regarded as having been prejudiced thereby. Traywick v. State,378 So.2d 1196 (Ala.Cr.App. 1979). As this court stated in Traywick,supra at 1197: "A trial court will not be put in error for charging a correct principle of law, though it might not be strictly applicable to the case on trial, unless the natural tendency of the charge is to mislead the jury."
It is not altogether clear that the trial judge in charging the jury intended to charge upon two separate felonies. Rather, it seems he attempted to instruct upon definitional elements of the felony of sodomy which he believed the evidence made a part of the crime of sexual abuse charged in the indictment. In the case of Kelley v. State, 409 So.2d 909, 915 (Ala.Cr.App. 1981), this court stated:
 "The trial court's oral charge must be considered and construed as a whole and in connection with the evidence, and if, when so construed, it asserts a correct proposition applicable to the evidence, then a disconnected part or sentence is not reversible error."
Even if the trial judge's charge is viewed as having charged a distinct felony, it was harmless to appellant. The charge could not have harmed appellant because it required proof of an intent to perform a more specific act of sexual gratification than that required for a finding of sexual abuse. This placed a greater burden on the state than the sexual abuse statute's requirement of "any touching of the sexual or the intimate parts of a person. . . ." See Clements v. State, 370 So.2d 708
(Ala.Cr.App. 1978), aff'd in part, rev'd in part, 370 So.2d 723
(Ala. 1979). We find no basis for reversal on this issue.
 II
Appellant next argues that the trial court erred in denying his "Motion to Dismiss Indictment on Plea of Former Jeopardy." Appellant did not file his motion until February 22, 1983, approximately four months after entering his not guilty plea on *Page 1359 
October 28, 1982. The conviction upon which he based his plea of former jeopardy was entered on August 17, 1982, well before appellant entered his not guilty plea in the instant case.
Appellant's motion contended that his prior conviction for criminal trespass, third degree, and the instant prosecution both arose "out of the appellant's presence at Little's Trailer Court," and that appellant had been present at the trailer court only once during the time that the two crimes were alleged to have been committed.
The evidence adduced by appellant at the March 8, 1983, hearing on his former jeopardy motion revealed nothing about the underlying facts of the criminal trespass conviction, the nature of the prosecution, or what parties and issues were involved. The witnesses merely indicated that appellant had also been on the premises of the trailer park in August, 1982. Appellant testified he was present at the park only once before, in May, 1982, and not again until August, 1982. Documents introduced by appellant showed he entered a plea of guilty to criminal trespass, third degree, on August 17, 1982. From this evidence appellant contends the trial court should have found that "both of the convictions had to arise out of the same incident at the trailer park in May of 1982 because that was the only other time the defendant was upon the premises."
We note first that appellant's unverified plea or motion was untimely filed, as the record reveals the plea was filed well after a plea of not guilty had been entered. Williams v. State,348 So.2d 1113 (Ala.Cr.App.), cert. denied 348 So.2d 1116 (Ala. 1977). Therefore, the matter is not properly before this court.Jelks v. State, 411 So.2d 844 (Ala.Cr.App. 1981).
Even if appellant's plea had been timely filed, there was no prejudice to appellant in the trial court's failure to submit the issue to the jury.
 "Ordinarily, an issue of former jeopardy should be tried separately and in advance of the issue of not guilty, and the issue is for the jury. Parsons v. State, 179 Ala. 23, 60 So. 864 (1913).
 "However, where the evidence introduced shows without contradiction that the plea could not avail even had the issues been submitted to the jury, a defendant is not prejudiced in his substantial rights by the action of a court in denying such plea without submitting it to the jury. Shiflett v. State, 37 Ala. App. 300, 67 So.2d 284."
 Inman v. State, 39 Ala. App. 496, at 104 So.2d 448, at 450 (1958).
A plea of former jeopardy is without merit unless the offense presently charged is precisely the same in law and in fact as the former conviction relied on as the basis for the plea.Hughes v. State, 385 So.2d 1015 (Ala.Cr.App. 1980); Williams,supra. Appellant's evidence produced at the hearing on his plea failed to provide a basis for such a finding. Appellant could not have been prejudiced here, because the claim of former jeopardy advanced by him was unfounded. Simpson v. State,354 So.2d 317 (Ala.Cr.App. 1977), cert. denied, 354 So.2d 324 (Ala. 1978). The result to appellant would have been the same, regardless of the procedural method employed to determine the issue. Kilpatrick v. State, 46 Ala. App. 290, 241 So.2d 132
(1970).
 II
At the hearing on appellant's former jeopardy motion, outside the presence of the jury, appellant's mother testified concerning the contents of a statement made to her over the telephone by Officer Roy Tabb. After the appellant's questions were asked and answered by the witness, the prosecutor objected on the grounds of hearsay. The trial court sustained the state's tardy objection, and told appellant's counsel to "move on."
Appellant argues the trial judge erred in sustaining the state's objection, the effect of which he asserts, excluded the testimony from the court's consideration. He asserts the testimony should have been admitted as a statement of an authorized agent received *Page 1360 
against a party principal, citing Southern Railway Company v.City of Birmingham, 271 Ala. 114, 122 So.2d 599 (1960).
A ruling on an evidence objection made after the question is answered does not have the effect of excluding the evidence from the court's consideration since the issue is not properly preserved for review under such circumstances. See HousingAuthority v. City of Decatur Land Co., 64 So.2d 594, 258 Ala. 607
(1953). Thus, an instruction to counsel to proceed does not exclude the evidence from the fact finder's consideration.
There is no merit in appellant's contention.
 IV
Appellant contends the trial court did not conduct a proper examination of the thirteen-year-old victim to determine her qualification as to the nature and obligation of her oath. The record reflects the following:
 "MR. DAVIS: I think, considering the tender age of this witness, I would like to take her on voir dire.
 "THE COURT: I am not going to do that. I will do this; Roxanne, you say that you are thirteen now?
"MS. MARCEL: Yes, sir.
 "THE COURT: Did you understand what it meant when you held up your hand to tell the truth, the whole truth, and nothing but the truth?
"MS. MARCEL: Yes, sir.
"THE COURT: What did it mean to you?
"MS. MARCEL: To tell the truth.
 "THE COURT: And, you know what happens to people if they don't tell the truth?
"MS. MARCEL: Yes, sir.
"THE COURT: What is that?
"MS. MARCEL: I don't know.
"THE COURT: What grade are you in school?
"MS. MARCEL: Seventh.
"THE COURT: In the seventh grade?
"MS. MARCEL: Uh-huh.
 "THE COURT: And, so you go to church and Sunday School?
"MS. MARCEL: Uh-huh.
 "THE COURT: Do you know or understand about the bad place?
"MS. MARCEL: (Witness nods in the affirmative)
 "THE COURT: And, you know what it means to tell the truth?
"MS. MARCEL: Uh-huh.
"THE COURT: All right.
 "MR. DAVIS: Your Honor, we would state that she hasn't been sufficiently qualified and we would except to your refusal for our voir dire.
"THE COURT: All right."
When a witness is alleged to be incompetent because of infancy, the trial court must, by examination, determine the witness's competency to testify. Ala. Code § 12-21-165 (1975). The record reflects that the trial court undertook such an examination of the infant witness and was convinced of her competency to testify. As this court recognized in Harville v.State, 386 So.2d 776 (Ala.Cr.App. 1980), the determination of a child's qualification to take a witness's oath is necessarily vested in the sound discretion of the trial judge, who has the opportunity of observing the manner and appearance of the child while being examined, unlike the appellate courts, which are not afforded such an opportunity.
From the record before us, we conclude that the trial judge did not abuse his discretion in allowing the thirteen-year-old witness to testify. Additionally,
 "As in Hacker v. State, 31 Ala. App. 249, 250, 15 So.2d 336, 337, cert. denied, 244 Ala. 649, 15 So.2d 339, `[W]e are of the opinion if any doubt of the correctness of said ruling prevailed or existed, all such doubt was fully dissipated and rendered innocuous by the straightforward manner in which this child of tender years gave . . . testimony as a witness.'"
Harville, supra at 781. *Page 1361 
 V
Appellant argues the trial court erred in refusing to give his requested written charges number seven through ten to the jury. The record reflects the following occurred at the close of the court's oral charge:
 "Then, to requested jury charges; I believe Your Honor read charge number two, three, four, five, and number thirteen. We would object to the refusal to five and I think it would be easier to do it in the negative instead of enumerate them. We would object to the Court's refusal to give the other charges. There were thirteen charges. So the numbers not numerated within the span of thirteen would be the charges we would object to."
The question is whether this objection measures up to the requirements of Allen v. State, 414 So.2d 989 (Ala.Cr.App. 1981), aff'd, 414 So.2d 993 (Ala. 1982). We find that it does not. Appellant failed to call the trial court's attention to each specific refused written charge and set forth the grounds for his objection to the court's refusal to so charge. Hence, there is nothing before this court to review in this regard.Rowe v. State, 421 So.2d 1352 (Ala.Cr.App. 1982).
 VI
Appellant filed a request for production on November 10, 1982. No hearing was ever held on appellant's motion, although the state voluntarily answered the request on November 23, 1982.
After opening arguments were made at trial on March 21, 1983, appellant made an oral motion in limine, stating that appellant's counsel had not learned until the morning of trial that the state had two pictures, and a tire tool confiscated at the time of appellant's arrest, which it intended to introduce. These items had not been included in the state's voluntary answer to appellant's request for production. As a result, appellant moved that "this evidence be limited in being presented."
Since appellant did not have a right to discover the state's evidence, he cannot complain of the state's not educating him as to these items. DeLoach v. State, 356 So.2d 222 (Ala.Cr.App. 1977), cert. denied, 356 So.2d 230 (Ala. 1978).
 VII
Appellant contends the trial court erred in allowing in hearsay testimony, the substance of which he contends concerned an impermissibly suggestive identification of appellant, over his objection and motion to strike.
Deputy Robert Johns testified he was called to the victim's trailer the morning the burglary occurred to investigate the crime. During his investigation he received a description of appellant's vehicle. After interviewing the victim, he started to return to town with the victim and her sister in his automobile. He testified the following occurred as he drove:
 "Well, after proceeding for about a mile I saw a gold car sitting beside the road and I checked the tag number, and the tag number was the same. And Roxanne said, well, that is the car. And, I stopped in the road and I got out of the car and went over, and I opened the car door and Mr. Coleman was laying asleep on the front seat, and I asked him to step out. Roxanne started screaming and hollering and crying, saying that is the man. She was really upset.
 "MR. DAVIS: We object to what Roxanne said and ask that it be stricken from the record. It would be hearsay.
"THE COURT: I overrule.
"MR. DAVIS: We except."
Appellant argues this statement by Deputy Johns was inadmissible hearsay. However, we find that Deputy Johns' testimony concerning the victim's identification of appellant is admissible as a well recognized exception to the hearsay rule discussed in Ferguson v. State, 401 So.2d 204, at 207 (Ala.Cr.App.), cert. denied, 401 So.2d 208 (Ala. 1981), as follows: *Page 1362 
 "`"A statement which is useful in identifying a person, time, place or other thing is admissible, for that purpose as a hearsay exception. The statement, of course, may not be considered as evidence of the truth of the matter asserted but only for the limited purpose of identification."
 "`. . . [T]he rule above cited is the law of Alabama, Anno. 71 A.L.R.2d 449, at 482-485, 491 (1960). The fact that a third person observed another identify the defendant is "an independent fact to which the witness . . . could testify just as to any other fact." Key v. State, 240 Ala. 19, 20, 197 So. 364, (1940), relying on Green v. State, 96 Ala. 29, 11 So. 478, (1891); see also State v. Wilson, 38 Wn.2d 593, 231 P.2d 288, cert. denied, 342 U.S. 855, 72 S.Ct. 81, 96 L.Ed. 644 (1951).'"
This case is affirmed.
AFFIRMED.
All the Judges concur.