BOWEN, Presiding Judge.
George Joseph Thomas was indicted and convicted for receiving stolen property in the second degree. He was sentenced as a habitual offender to fifteen years’ imprisonment. The only issue on appeal concerns the propriety of allowing a police officer to testify over objection that Eddie Watson identified Thomas in a police lineup.
Eddie Watson worked at Max’s Pawn Shop in Montgomery. On January 4, 1983, three individuals pawned two stolen television sets. Watson identified “someone” in a police lineup as being one of those three people. At trial, Watson did not make an in-court identification of Thomas nor did he testify that he identified Thomas in the lineup.
Over the objection of defense counsel, Montgomery Police Officers Steve Eiland *16 and Jeff Grimsley were allowed to testify that Watson identified Thomas in a lineup.
“The general rule is that evidence by a third party of an extrajudicial identification is admissible in rebuttal of testimony tending to impeach or discredit the identifying witness, or to rebut a charge, imputation or inference of falsity.” Aaron v. State, 273 Ala. 337, 345, 139 So.2d 309 (1961). In Seals v. State, 282 Ala. 586, 603, 213 So.2d 645 (1968), our Supreme Court held: “We are of the opinion that the testimony of a third person who heard or observed an extrajudicial identification should not be admitted except under circumstances such as were present in Aaron v. State, 273 Ala. 337, 139 So.2d 309, or under unusual circumstances.” In Seals, the officers’ testimony was erroneously but harmlessly admitted since the identification of the accused by the victim both in court and at the lineup was undisputed.
A law enforcement officer may testify that he observed a witness identify the accused in a lineup. “The fact that a third person observed another identify the defendant is ‘an independent fact to which the witness (officer) ... could testify just as to any other fact.’ Key v. State, 240 Ala. 19, 20, 197 So. 364 (1940).” Abercrombie v. State, 382 So.2d 614, 615 (Ala.Cr.App.), cert. denied, 382 So.2d 616 (Ala.1980). The officers’ testimony constitutes an exception to the hearsay rule. Abercrombie, supra.
However, the officers’ testimony was only admissible under the circumstances described in Seals, 282 Ala. at 603, 213 So.2d 645: to rebut testimony tending to impeach or discredit the identifying witness; to rebut a charge, imputation or inference of falsity; or “under unusual circumstances”. Watson himself could not testify over objection that he identified Thomas in a lineup until he had been impeached or to rebut an inference raised on cross examination that his identification was mistaken or contrived. Carlisle v. State, 371 So.2d 975, 978 (Ala.Cr.App.1979). Although there is some authority to the contrary, “(t)he testimony of the third person has generally been treated as inadmissible as original or substantive evidence as to the identity of the accused as the guilty party.” Annot. 71 A.L.R.2d 449, Section 14, at 486 (1960).
The judgment of the circuit court is reversed and this cause is remanded.
REVERSED AND REMANDED.
All Judges concur.