ON APPLICATION FOR REHEARING
LEIGH M. CLARK, Retired Circuit Judge.
In the brief of counsel for appellant in support of his Application for Rehearing, an effort is made to set forth three separate and distinct issues. We now consider them in the order presented in brief of counsel for appellant.
I
The first two paragraphs of the first issue submitted by counsel for appellant as to the Application for Rehearing are as follows:
“The Appellant respectfully submits that this Honorable Court erred in its opinion when it held that the evidence was sufficient to support the conviction.
“The case against the Appellant is entirely circumstantial and is totally consistent with Gary Norman’s ‘Star Dog’ Pickins [sicj having committed the offense, rather than the Appellant.”
Counsel for Appellant then argues in his brief as follows:
“The Supreme Court of Alabama in Ex parte Brown, [499 So.2d 787 (Ala.1986) ], another case involving circumstantial evidence, considered a murder case wherein the evidence pointed equally at the defendant or another as the perpetrator. The Supreme Court reversed, pointing out that Ex parte Acree, 63 Ala. 234 (1879) was still the law and stating that ‘No matter how strong the circumstances, if they can be reconciled with the theory that some other person may have done the act, the defendant is not shown to be guilty by that full measure of proof which the law requires.’
“ ‘Thus, if the circumstances can be reconciled with the theory that someone else may have done the act, then the conviction is due to be reversed.’ ”
*758 Counsel for Appellant further argues in support of his Application for Rehearing as follows:
“All of the evidence taken together was consistent with and directly pointed to Pickens as the perpetrator rather than the Appellant.
“And Appellant again submits that the evidence was insufficient to support the conviction and the conviction is due to be reversed.”
In the cases of Ex parte Brown, supra, and Ex parte Aeree, supra, there was no evidence to the effect that there was any concert of action between either of the appellants therein and any third person, which fact distinguishes both of said cases from the instant case for the reason that in the case sui juris the “other person” involved was one with whom there was some evidence to the effect that the appellant Tarvin was acting in concert and not like the other distinct person referred to in Ex parte Aeree or Ex parte Brown.
II
By the second contention of counsel for appellant in his brief on Application for Rehearing, it is stated:
“The Appellant submits that this Court was in error in holding ‘that the trial court was correct in its action denying the Appellant’s Motion for Mistrial based on the failure to produce exculpatory material.
“This Court held that though the matters in question, i.e., a written statement by eyewitness Jordan, that Pickens started the fire and that the Appellant tried to stop him tended to be exculpatory and should have been produced, there was no prejudicial error. The court based its holding on the fact that witness Jordan testified live at trial.”
Counsel for appellant made similar argument in his brief on original submission in this case and included the contention that the action of the trial court was not in accord with Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), which contention we decided adversely to appellant on original submission. We adhere to such a conclusion at this time by stating that it does not constitute a good ground for granting appellant’s Application for Rehearing.
Ill
This issue is the same as the issue presented by appellant upon original submission. We quote the entire argument of counsel for appellant in the brief in support of the Application for Rehearing:
“The Appellant respectfully submits that this Honorable Court erred in holding that the trial court properly charged the jury on complicity.
“The Appellant again submits that this case falls within the scope of Traywick v. State, 378 So.2d 1196 (Ala.Cr.App.1979).
“As this Court pointed out in its opinion, the Appellant’s position is that not only is there no evidence of any conspiracy or complicity, the evidence affirmatively shows that the Appellant attempted to prevent the offense.
“This Court relied on the testimony of Willie ‘Monk’ Clark, with the other evidence, to support the trial court’s action, but nowhere in Clark’s testimony or any other testimony is there any indication that the Appellant conspired with Pick-ens or aided or abetted in the burning of the building.
“The complicity charge was not supported by the evidence. It is misleading in that it would indicate to the jury that complicity was an issue that they should consider when in fact it was not. It allowed the jury to convict the Appellant as an accomplice, where there was no evidence of any complicity and the State had failed to prove him guilty as a perpetrator.
“For these reasons, the Appellant again submits that the trial court erred in its jury charge and the conviction should be reversed.”
As stated in our opinion on original submission, there were two instances as to which there was evidence as to complicity between appellant and one or more others in regard to the fire that destroyed the apart *759 ment house. As to one of the instances, witness Geneva Smith testified that defendant Tarvin had thrown some rocks through the window of one of the apartments below her and had stated, “I hate apartments; they need to burn them down”; the other was one as to which he was not the principal and was no more than an accomplice, the one relied upon by appellant’s attorney in the Application for Rehearing, the one as to which counsel for appellant makes a strong argument that what he did was contrary to that of one acting as an accomplice of Pickens, who the undisputed evidence shows was attempted to be stopped by appellant from his conduct and setting fire to the papers that caused the destruction of the building by fire. Thus we come to the conclusion that the Application for Rehearing should be overruled.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.