STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. CHARLES NEIMAN, PLAINTIFF IN ERROR.

Argued October 3, 1939—Decided October 16, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the plaintiff in error, *J. Victor D'Aloia.*

For the defendant in error, *William A. Wachenfeld, Felix Forlenza* and *C. William Caruso.*

The opinion of the court was delivered by

DONGES, J. This writ of error brings up the conviction of plaintiff in error for robbery at the Essex County Court of Quarter Sessions. The case is here on strict writ of error. The entire record of the proceedings at the trial is not printed, and we have only certain excerpts from the testimony set forth in a bill of exceptions signed by the trial judge.

Two points are argued by the plaintiff in error. The first concerns the propriety of admitting testimony concerning statements made by certain witnesses implicating the plaintiff in error in the robbery, which statements were not made in his presence. The second challenges the admission into evidence of a written statement made by a witness not in the presence of plaintiff in error. We deem that the same principles of law are applicable to both points and they will be discussed together.

As we gather it from the meagre record, the crime occurred on March 1st, 1935. Three of the participants in the robbery were apprehended shortly thereafter. They were indicted,

pleaded guilty and were sentenced in June, 1935, to terms of from twelve to fifteen years in prison. Plaintiff in error was not taken into custody until some years later and was brought to trial on June 7th, 1939. Two of the three who were sentenced in 1935 testified at the trial below as witnesses for the state, namely, Pentlicki and DeSantis, and their evidence was to the effect, it is said, that plaintiff in error participated in the hold-up with them. On cross-examination counsel for plaintiff in error confronted these witnesses with statements they had made on March 4th and March 5th, 1935, in which they gave an account of the crime but made no mention at all of plaintiff in error as a participant therein. These statements were admitted in evidence as *Exhibits D-1* and *D-2*.

On redirect examination Pentlicki was permitted to testify that on March 7th, 1935, he had made a further statement in which he told of plaintiff in error's part in the robbery. DeSantis was permitted to testify that subsequent to his written statement of March 4th he had made an oral statement implicating plaintiff in error. A police officer was permitted to testify to these later statements having been made. And finally the written statement of March 7th by Pentlicki was admitted in evidence.

Plaintiff in error now claims that these rulings were in conflict with the rule that declarations made in the absence of a defendant are not binding upon him, citing *State* v. *Newman,* 73 *N. J. L.* 202, and other cases. It is insisted that this evidence was admitted as corroboration of the evidence given by the witnesses in question upon the stand, and as such was injurious, harmful and prejudicial.

The trial judge, in ruling upon an objection to a question asked Pentlicki based upon the statement, said: "I am not ruling on whether the written statement is going in evidence, but the defendant has had all kinds of latitude in impugning the integrity of the witness. The jury is now entitled to have the whole story, what he told anybody on any occasion." He later admitted the written statement.

Apparently the judge was of the opinion that the line of cross-examination pursued by counsel for plaintiff in error in attacking the credibility of the witnesses was such as to justify

the prosecution in the use of the later statements in meeting this attack. In the absence of all the cross-examination and of the entire record we are unable to say that any necessary foundation for this line of questioning was lacking. We must assume that it was present and that the evidence was properly admitted unless the rule of law be that such testimony is inadmissible under any circumstances.

It is well established that previous statements of a witness are ordinarily not admissible to strengthen and corroborate his testimony, but the general rule is that when a witness has been impeached by an attack upon his credibility, tending to show that his testimony is a fabrication of recent date or is colored, distorted, and falsified through the influence of some strong personal motive, his statements, made on occasions so near to the event involved, and so long anterior to the litigation that the effect of his speech could not have been foreseen, are admissible. "And it is also usually conceded that if a witness testifying to a material fact associated with a transaction in dispute is shown to have omitted to mention it when giving, at a previous time, an account of such transaction, it may be proved in reply that about the same time he did speak of such fact." 41 *L. R. A.* (*N. S.*) 958.

In *Commonwealth* v. *Retkovitz,* 110 *N. E. Rep.* 293, it was said: "But there is an exception where the contention is made that the testimony of a witness is given under a bias or undue influence, arising from some late occurrence subsequent to the main event, is a recent contrivance, or that the facts described in testimony previously have been concealed under conditions which warrant the belief that, if they were true, the witness would have been likely to have revealed them. In such a situation, evidence that the witness at earlier times before the intervention of these pernicious impulses had made statements like those given in court has a legitimate tendency to impugn the existence of these factors as operating causes to produce the testimony and thus to fortify his testimony, and therefore should be admitted." See, also, *Commonwealth* v. *Tucker,* 76 *N. E. Rep.* 127.

There are, therefore, circumstances under which such testimony may be given. We infer from the meagre record that

they were present here. The position of the plaintiff in error apparently was that these witnesses when first arrested did not implicate him; that subsequently, through some improper motive, malice, hatred or desire to better themselves at his expense, they fabricated a story involving him. In that situation, it was proper for the state to show that, two days after the first statements, they told a further story not inconsistent with their testimony at the trial. The plaintiff in error was permitted to use the first statements to attack the veracity of the witnesses and it was not error to permit the state to use the later statements to meet that attack upon the credibility of the testimony. As stated, any necessary foundation for the evidence must be assumed to have existed, in view of the incomplete record presented to us.

The writ of error is dismissed and the judgment affirmed.