371 So.2d 975 (1979)
Curtis Ray CARLISLE
v.
STATE.
6 Div. 881.
Court of Criminal Appeals of Alabama.
May 1, 1979.
Rehearing Denied June 5, 1979.
*976 Charles E. Caldwell, Birmingham, for appellant.
Charles A. Graddick, Atty. Gen., and J. Anthony McLain, Asst. Atty. Gen., for the State, appellee.
HARRIS, Presiding Judge.
Appellant was convicted of robbery and his punishment was fixed at ten years imprisonment in the penitentiary. Throughout *977 the trial proceedings appellant was represented by counsel of his choice and at arraignment pleaded not guilty. He made application for Youthful Offender treatment and, after due consideration, his application was denied. After sentence was imposed he gave notice of appeal. He was found not to be indigent and new retained counsel represents him on appeal.
The evidence showed the robbery victim was approached by a black male about purchasing marijuana as he was leaving a Jefferson County nightclub late one night. The parking lot of the club was well lighted. After talking for a few minutes, the man asked the victim to drive down the street to further discuss the purchase. He did so and pulled off the road in front of the car occupied by the black male and two black male companions. The victim then got in the front seat of their car and while they were discussing the drug purchase the occupants of the car pulled out knives and robbed him. He had $140 to $150 on his person. He was stabbed in the neck, elbow and hand while trying to get away from his attackers. His life was threatened and had it not been for the intervention of the driver he might have been killed. Finally, the victim managed to get out of the car and run away. He went to a service station and asked the station operator to call the police. After conferring with the officers, he drove to a local hospital where sutures were taken in his hand and elbow.
Appellant contends that the trial court erred in allowing the introduction of evidence regarding an extrajudicial photographic identification and in the admission into evidence of the photographs themselves. For the reasons hereinafter stated, we find that in the present case the error, if any, in the introduction of the photographs and the testimony regarding their use was cured, and we, accordingly, affirm the conviction.
The victim made a positive in-court identification of appellant as the man who approached him in the parking lot of the nightclub. He testified that he talked with appellant face-to-face in the lot, which was well lighted. He further identified appellant as one of the occupants of the car when he was robbed and stated that appellant attacked him with a knife. Over objection, the victim was also allowed to testify on direct examination that a police officer "called [him] and asked [him] to come down and look at some mug shots." He then described the procedure, was shown a mug shot of appellant and identified it as the photograph he had earlier selected. He was first shown eight photographs but appellant was not in that group. Eight other photographs were displayed to the victim and he selected number 3 as appellant.
A lengthy cross-examination followed in which defense counsel attempted to cast doubt on the victim's identification of appellant. Following this cross-examination, the Court admitted into evidence the testimony of the police officer that the victim had previously selected the picture of appellant from a photographic array. These photographs, admitted into evidence over objection, were "mug shots", obtained from the Identification Bureau of the Birmingham Police Department. These eight photographs, three of each suspect totaling twenty-four in the photographic array, bore full face and profile views. The words, "Department of Police, City of Birmingham, Ala.", an identification number and date appeared under the center photograph depicting the full face view. There were no numbers or other identifying indicators on or under the profile views of any of the suspects. According to the victim and the officer displaying the photographic array, the victim picked number 3 from the photographic array, without the slightest hesitation, as being the man who robbed him at knife point.
The victim's testimony on direct examination regarding the extrajudicial identification was improperly admitted into evidence. A witness may not corroborate his in-court identification by evidence of an earlier identification of the accused. Aaron v. State, 273 Ala. 337, 139 So.2d 309, cert. denied, 371 U.S. 846, 83 S.Ct. 81, 9 L.Ed.2d 82; Yarbrough v. State, 105 Ala. 43, 16 So. *978 758; Zuck v. State, 57 Ala.App. 15, 325 So.2d 531, cert. denied, 295 Ala. 430, 325 So.2d 539. Such evidence is competent, however, to rebut an inference raised on cross-examination that the identification was mistaken or contrived. This right of rehabilitation extends to testimony by a third person as well as that by the impeached witness. Aaron, supra; Howell v. State, Ala.Cr.App., 369 So.2d 297. Once the credibility of the victim was attacked on cross-examination, the testimony of the officer regarding the prior identification was properly admitted in rebuttal. This subsequent evidence cured any error in the earlier testimony of the victim. See Alabama Digest, Criminal Law.
We turn now to the question of the prejudicial effect of the introduction of the police photographs and the testimony concerning "mug shots." This Court has recognized the danger inherent in the use at trial of "mug shot" or "rogue's gallery" photographs. Holsclaw v. State, Ala.Cr.App., 364 So.2d 378, writ denied, Ala., 364 So.2d 382. The impermissible inference raised by this type of evidence is that the accused has a prior criminal record, unrelated to the offense charged. Brasher v. State, 249 Ala. 96, 30 So.2d 31.
The obvious character of the photographs in the present case, one of which had been identified as the accused, reasonably allowed the jury to infer that appellant had previously been in trouble with the police. Further, during the State's closing argument, the District Attorney directed the jury's attention to the dates on the photographs, whereupon the following occurred:
"MR. PICKARD: All right, Judge, I object and I want a mistrial. You know what he is implying and there has been no evidence he was convicted of a crime involving moral turpitude.
"THE COURT: There has been absolutely no evidence of any conviction whatsoever and everybody understands that and I understand that. I overrule the motion."
This action by the trial court clearly eradicated any inference raised by the photographs and cured any possible prejudice to appellant which might have otherwise resulted. An appellant must not only show error, but must also demonstrate that such error was probably injurious to his substantial rights before a reversal is required. Rule 45, ARAP; Kennedy v. State, 291 Ala. 62, 277 So.2d 878. Notwithstanding the result here reached, prosecutors and trial judges are again cautioned that the continued use of mug shots at trial may result in reversal. Holsclaw, supra.
This does not mean that this type of identification is forbidden under all circumstances. If numbers, dates, and the names of police departments are excised or blocked out then such photographs may be introduced so long as they do not imply that the defendant has a prior criminal record.
A careful review of the record reveals no error prejudicial to the substantial rights of the appellant. The judgment of conviction is affirmed.
AFFIRMED.
DeCARLO and BOWEN, JJ., concur.
BOOKOUT, J., dissents with opinion in which TYSON, J., joins.
BOOKOUT, Judge, dissenting:
Holsclaw and Brasher, supra, should control. The trial judge's admonition fails to eradicate the prejudicial effect of placing prior arrests of the appellant before the jury. See also Brown v. State, Ala.Cr.App., 369 So.2d 56 [1979].
TYSON, J., joins in the above.