LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant guilty of rape, and the court fixed his punishment at imprisonment for twenty years and sentenced him accordingly.
The sufficiency of the evidence to support the verdict is not challenged on appeal. For an understanding of the essential facts pertinent to the questions raised on appeal, there is little need to go beyond the following STATEMENT OF THE FACTS contained in appellant’s brief:
“In the early morning hours of November 21, 1976, Renee Dobbs was returning home from a date when a car pulled up beside her while she had stopped for a stop sign (T. 138). Ms. Dobbs identified, in court, the defendant, Larry Wayne Gil-ham, as the person in the other car. (T. 139). At this time Ms. Dobbs testified that Mr. Gilham turned on the interior light in his car, held up what appeared to be a badge and motioned for her to pull over. She continued on to the next stop sign where he again motioned for her to pull over, which she did. (T. 138). The man then got out of his car and came to the side of her car. She cracked her window and he asked to see her driver license, which she gave him. He then pulled out a ‘gun’ and told her to move over. (T. 140). Ms. Dobbs then stated that the man drove the car until they reached an alley where he stopped the car and had sexual intercourse with her.”
Appellant argues that there were three errors of the trial court that should result in a reversal of the judgment, which we now *618 consider in the order presented in appellant’s brief.
The first asserted error is based upon the action of the court in overruling defendant’s objection to a part of the closing argument of counsel for the State as follows:
“MR. DUNN: He’s seen that composite. How do you think he knew to arrest that man if she was so unsure or that composite is so bad?
“MR. WILKINSON: We object to that. There is no testimony to that effect none at all, none at all.
“THE COURT: Overruled.
“MR. WILKINSON: We except.
“MR. DUNN: She didn’t know him, did she? She didn’t know who he was. If she was able to sit down and put him together like pieces of a puzzle — so good that Glover sees his picture on the bulletin board and sees him out there, three months later, and arrests him.
“MR. WILKINSON: We object.
“THE COURT: Overruled.
“MR. WILKINSON: We except.”
The item called “composite” and the item called “picture” in the argument of counsel were the same. The reference was to a picture, drawing or “composite” that the alleged victim of the crime had made in the course of interviews of officers with her as to the crime. It appears that neither the particular picture nor a reproduction thereof was in evidence on the trial of the case before the jury. However, in a lengthy pretrial hearing of motions of the defendant to suppress contemplated evidence, the picture, or a reproduction thereof, was admitted in evidence as defendant’s Exhibit 1.
Officer Terry Glover arrested defendant about three months after the alleged crime, when he saw him driving an automobile that resembled, according to reliable information, the automobile the man who committed the crime was driving when he stopped the victim under the pretense that he was an officer. Officer Glover and the victim testified as to the victim’s description of defendant as portrayed by defendant’s Exhibit 1, admitted in evidence on the pretrial hearing. Officer Glover testified that he had seen a reproduction of the picture on the bulletin board at police headquarters. It appears that perhaps the recollection of counsel for the State as to the evidence on the trial erroneously extended to the evidence on the pretrial hearing, but the evidence on the trial was sufficient, we think, to support the inference drawn by State’s counsel in his argument that the picture drawn by the victim of the rapist was good enough to have been a factor in influencing Officer Glover in arresting defendant as the man who had committed the rape and therefore arguendo enhance the trustworthiness of her testimony as to his identity. We think it is clear that counsel was not attempting to make a statement of fact that was not in evidence, but that he was merely arguing reasonable inferences to be drawn from the evidence. Braden v. State, 49 Ala.App. 97, 268 So.2d 877 (1972). Reasonable latitude is afforded counsel in arguing deductions from the evidence. Edson v. State, 53 Ala.App. 460, 301 So.2d 226 (1974); Bryson v. State, 264 Ala. 111, 84 So.2d 785 (1956). The argument would have been much stronger in favor of the prosecution if the picture drawn by the victim had been in evidence on the trial for the jury to consider, for the picture drawn by the victim and the photograph in the evidence of the defendant seem about as much alike as an artist’s drawing and a photograph of the same person can be. The court was not in error in overruling defendant’s objection to the argument.
The second contention of appellant relates to the action of the court in overruling objections of defendant to the introduction in evidence of a deputy sheriff’s badge and a mock pistol found in defendant’s automobile at the time of his arrest. Appellant argues that such badge and mock pistol were not admissible in evidence. He says that “the victim-witness could not identify them” as the badge and the pistol her assailant displayed the night of the crime. As to the badge in defendant’s automobile at the time of his arrest, the victim testified, “Yes, that looks like the *619 badge.” As to the mock pistol the officer recovered from defendant’s automobile the night he was arrested, the victim testified, “That looks like the gun.” It is to be seen therefrom that the items were sufficiently identified and were properly admitted in evidence. In the absence of circumstances logically requiring a different conclusion, the identification by a witness of an object exhibited to him in court as “similar” to a particular object previously observed by him is sufficient. Davis v. State, Ala.Cr. App., 352 So.2d 3 (1977), and cases there cited. Furthermore, under the circumstances of this particular case, taking into consideration the bizarre behavior of the person who raped the alleged victim, the particular objects found in defendant’s automobile that were “similar” to the objects used by the rapist, constituted not only evidence of the identity of the objects but also evidence of the identity of the person who committed the crime.
Appellant’s third insistence on error relates to evidence of the lineup identification of defendant by the victim. Appellant takes the position that the absence of a lawyer for him at such lineup rendered the identification inadmissible. At the time of the lineup, adversary judiciary proceedings had not been instituted against defendant. In that circumstance, the fact that defendant did not have counsel at the time of the lineup, not otherwise subject to criticism, did not violate his constitutional rights. Haggler v. State, 49 Ala.App. 259, 270 So.2d 690 (1972).
Evidence of the lineup identification was not presented until after the victim had been vigorously cross-examined as to her in-court identification of defendant. The trustworthiness of her in-court identification was seriously attacked. An attack upon the credibility of a victim’s in-court identification of defendant, sufficient to raise an inference of misidentification, authorizes the offer and admission in evidence of an earlier, extrajudicial identification. Aaron v. State, 273 Ala. 337, 139 So.2d 309 (1962); Carlisle v. State, Ala.Cr.App., 371 So.2d 975 (1979).
We have searched the record for error prejudicial to defendant and have found none. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.