The defendant was indicted and convicted for robbery in the first degree in violation of Section 13A-8-41, Code of Alabama 1975. Sentence was twenty years' imprisonment. Two issues are presented on appeal.
 I
The defendant argues that the trial court erred in overruling his motion to exclude the victim's pretrial identification of the defendant made during a lineup when the defendant was not represented by counsel.
On direct examination, the victim positively identified the defendant as the robber. He testified, also without objection, that the next time he saw the defendant was at a lineup at the Huntsville Police Department. The record reflects that the following then occurred:
 "Q. And the gentleman you saw in that lineup, did you indicate to the officers at *Page 177 
that time that that was the gentleman that robbed you?
 "MR. SANDLIN (Defense Counsel): I object at this time and if I may approach the bench. Your Honor, we would like to voir dire the witness outside the presence of the Jury in relation to the lineup on that occasion."
After the victim had been examined outside the jury's presence concerning the lineup and a photographic display, defense counsel moved "to exclude the initial identification and any subsequent identification based on suggestion." This motion was overruled.
On appeal the defendant argues that identification evidence was inadmissible because (1) the extrajudicial identification was admissible only after the in-court identification had been attacked by defense counsel on cross examination of the witness, and (2) the defendant was not afforded counsel at the lineup even though he had been arrested and charged.
Here, there was no timely objection to the in-court identification. "A motion to exclude, . . . will not preserve error in the admission of evidence where no timely objection has been made at the time of its admission." Snider v. State,406 So.2d 1008, 1014 (Ala.Cr.App.), cert. denied, Ex parteSnider, 406 So.2d 1015 (Ala. 1981).
Despite the failure to preserve any error, our review of the record discloses no unduly suggestive identification procedures employed to obtain eyewitness identifications prior to trial.Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199
(1967). The facts do not warrant a finding of an impermissibly suggestive pretrial confrontation resulting in a very substantial likelihood of irreparable misidentification. Neilv. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). The totality of the circumstances under review indicates the reliability of the identification. Manson v. Brathwaite,432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).
It is a settled principle of evidence that on direct examination a witness should not be permitted to corroborate his in-court identification by evidence of an earlier extrajudicial identification. Carlisle v. State, 371 So.2d 975,977-78 (Ala.Cr.App. 1979). Only after an attack upon the credibility of a witness's in-court identification, sufficient to raise an inference of misidentification, is evidence of an earlier, extrajudicial identification properly admitted. Gilhamv. State, 382 So.2d 616, 619 (Ala.Cr.App.), cert. denied, Exparte Gilham, 382 So.2d 619 (Ala. 1980); C. Gamble, McElroy'sAlabama Evidence, Section 177.01 (6)(a) (3rd ed. 1977). This is merely an application of the general rule that evidence is not admissible to sustain the credibility of a witness whose testimony has not been sought to be impeached. Funderberg v.State, 100 Ala. 36, 14 So. 877 (1893). However, defense counsel did not object to the extrajudicial identification on this basis. Specific grounds of objection waive all grounds not specified. The trial judge will not be put in error on grounds not assigned at trial. Williams v. State, 377 So.2d 634, 638
(Ala.Cr.App.), cert. denied, Ex parte Williams, 377 So.2d 639
(Ala. 1979).
The right to counsel established in United States v. Wade,388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), applies only to post-indictment corporeal identification procedures.Wade, 388 U.S. at 237, 87 S.Ct. at 1937. A suspect has no right to counsel at a post-arrest lineup. Lomax v. Alabama,629 F.2d 413, 415 (5th Cir. 1980), cert. denied, 450 U.S. 1002,101 S.Ct. 1712, 68 L.Ed.2d 205 (1981).
 II
On cross examination by defense counsel, Huntsville police investigator Ron Derting volunteered that the photographs he displayed to the victim were "just a stack of pictures that we have current of people arrested." The trial judge sustained defense counsel's objection but denied his request for a mistrial.
On further cross examination the following occurred:
 "Q. (Defense Counsel) Were all those pictures uniform? Were they all black and white photographs, color photographs, *Page 178 
basically the same size and all that?
 "A. All these photos were uniform, mug type photographs taken —"
Again, defense counsel requested a mistrial. The trial judge denied this request, cautioned the witness to "just answer exactly what is put to you and don't expound too much" and instructed the jury to disregard the unresponsive answer. The trial judge asked the jurors "if there are any of you who cannot put that response out of your mind and just forget it." Receiving no response, the judge overruled the request for a mistrial.
On appeal, the defendant argues that the judge's instructions to disregard only referred to the "mug type photographs" and did not address the officer's prior reference to "people arrested". Because defense counsel did not request any instruction concerning this matter, he cannot now be heard to complain that the judge's instructions should have covered additional matter. See Smith v. State, 262 Ala. 584,80 So.2d 307 (1955).
We have addressed each issue presented on appeal. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.