This Court granted certiorari to determine whether the Court of Criminal Appeals was correct in holding that it was error to allow a police officer to testify as a prosecution witness in the State's case in chief that the victim identified the defendant in a lineup.
The facts are set out in the opinion of the Court of Criminal Appeals, 461 So.2d 15, (Ala.Crim.App. 1984).
We agree with the Court of Criminal Appeals on its recognition of the general rule, as found in Aaron v. State,273 Ala. 337, 345, 139 So.2d 309, 316 (1961):
 "The general rule is that evidence by a third party of an extrajudicial identification is admissible in rebuttal of testimony tending to impeach or discredit the identifying witness, or to rebut a charge, imputation or inference of falsity. . . ."
This principle was later reemphasized in Seals v. State,282 Ala. 586, 603, 213 So.2d 645, 662 (1968), when this Court stated:
 "We are of the opinion that the testimony of a third person who heard or observed an extrajudicial identification should not be admitted except under circumstances such as were present in Aaron v. State. . . or under unusual circumstances."
Aaron v. State, supra, contains an analysis of the circumstances under which such evidence may be admitted. In that case, the victim of a rape positively identified the defendant as her attacker during the trial, testifying that she had positively identified the defendant at the jail on a previous occasion. Her physician was also present on that prior occasion when she identified the defendant, and he was allowed to testify to that identification:
 "Dr. Murchison, prosecutrix's physician, accompanied her on the trip to the jail and was with her when she looked into the room with the two-way glass and heard Mitchell and appellant talking. His undisputed testimony was that appellant and Mitchell were talking when he and prosecutrix walked into the room and `she identified his voice immediately.' He recalled that appellant was asked to repeat one particular phrase after a general conversation of several minutes, but he was positive that prosecutrix had `identified the voice prior to any questions from anyone.'" 273 Ala. at 343, 139 So.2d at 314.
This Court added, at 273 Ala. 344-345, 139 So.2d 316:
 "We hold that the testimony of Dr. Murchison that the prosecutrix identified appellant was admissible at the time it was adduced. It was competent because it was in rebuttal of the inference raised on cross-examination of the prosecutrix and Dr. Murchison that the identification of the appellant by the prosecutrix was manufactured.
 "The prosecutrix was cross-examined about her failure to identify appellant as her assailant when he was in a lineup at *Page 18 
her home shortly after she had been attacked, and also as to her identification of him at the jail on July 7th. Dr. Murchison was also cross-examined as to the number of men in the lineup when the prosecutrix failed to identify appellant. The effect of this cross-examination was to raise the inference that, since the prosecutrix had not identified appellant in the lineup on the day of the attack, evidence of her subsequent identification of him at the jail on July 7th was manufactured.
 "This question was raised and settled in the case of Yarbrough v. State, 105 Ala. 43, 16 So. 758, 760. The assaulted witness, Cole, had testified that he knew and identified the defendant at the time of the assault, but he did not have the defendant arrested until several months later. Cole was cross-examined as to whether he did not swear out a warrant for the defendant until one Polly Foster had been arrested and had told Cole that the defendant and another had conspired to rob him. Then Polly Foster, a witness for the State, was cross-examined along the same lines. In rebuttal, the State showed that Polly Foster had made this same statement before she had been arrested. This court, speaking through Coleman, J., said:
 "`* * * The evidence thus elicited on cross-examination by the defendant, was competent as tending to affect the credibility of the witness for the prosecution; and the question is presented, whether it was competent, in rebuttal, to show that the witness Polly Foster had made the same statement to Cole and to others before her arrest as she made subsequent to it. We are of opinion that such evidence is competent. The distinction must be kept in mind between such evidence and its purpose, and when a witness attempts to corroborate his own evidence, by proof of having made similar statements to others. The latter is inadmissible. * * * This evidence could not be considered as original or corroborating evidence of the truth of the fact testified to, but purely in rebuttal of the inference, that the testimony was manufactured or the result of the unfriendly act.'
. . . . .
 "The general rule is that evidence by a third party of an extrajudicial identification is admissible in rebuttal of testimony tending to impeach or discredit the identifying witness, or to rebut a charge, imputation or inference of falsity. Annotation 71 A.L.R.2d 487; State v. Waggoner, 39 La.Ann. 919, 3 So. 119; Thompson v. State, 223 Ind. 39, 58 N.E.2d 112; Faulkner v. State, 104 Tex.Crim. R., 283 S.W. 824; People v. Kynette, 15 Cal.2d 731, 104 P.2d 794; People v. Slobodion, 31 Cal.2d 555, 191 P.2d 1; State v. Neiman, 123 N.J.L. 341, 8 A.2d 713. A full annotation on extrajudicial identification is found in 71 A.L.R.2d 449."
The identical point was extensively dealt with in Seals v.State, supra, 282 Ala. at 602-603, 213 So.2d at 661-662:
 "Mrs. Shaw during the course of the trial testified to her identification of Seals at the line-up held in the Mobile County jail shortly after she was attacked, and she also made an in-court identification of Seals. See Aaron v. State, 273 Ala. 337, 139 So.2d 309.
 "It seems to us that her testimony as to identification would have satisfied the State. But such was not the case. The State called two police officers before Mrs. Shaw took the stand, who were present at the time of the identification and the action of the trial court in permitting those officers to testify to Mrs. Shaw's actions at that time is said by appellant to constitute reversible error.
 "Lt. Don Riddle, who was a police detective at the time of the line-up, testified that he was present and explained the manner in which the line-up was conducted. The court admonished Lt. Riddle as follows: `Lt. Riddle, you will confine your testimony to what you saw and what you did, and not to statements of anyone else.' Thereafter Lt. Riddle testified that Mrs. Shaw, then Mrs. Hickey, *Page 19 
identified Seals: `In the manner that she walked up in front of this defendant and made specific mention of the fact by gesture in pointing him out that he was * * Moved her hand, Yes, sir.' Lt. Riddle further testified that `when Mrs. Hickey [Mrs. Shaw] walked into the room she walked up in front of the defendant and pointed at him.' Lt. Riddle was not permitted to testify as to what Mrs. Shaw said on that occasion, although the State persisted in trying to get such statements into evidence.
 "Lt. Charles Wimberly, who was also a detective at the time of the line-up, testified that he was present and explained the manner in which the line-up was conducted. During the course of the direct examination of Lt. Wimberly the following occurred:
 "`Q. Just tell what she [Mrs. Shaw] did as far as he [Seals] was concerned.
 "`A. Mrs. Hickey [Mrs. Shaw] came out and picked out Willie Seals as being —
 "`Mr. Messing [Counsel for Seals] Now, Your Honor.
"`The Court: Just tell what she did.
 "`Mr. Booth: [Solicitor] Tell what she did as far — as to Willie Seals, that's the one we are trying; just tell — as the Judge instructed you.
"`A. She came out and identified Willie Seals.'
 "Lt. Wimberly gave no testimony as to what Mrs. Shaw, then Mrs. Hickey, said on that occasion.
 "In brief of appellant it is asserted that the testimony of witnesses Riddle and Wimberly relative to Mrs. Shaw's identification of Seals was inadmissible in that it was hearsay. Reliance is had upon Aaron v. State, 273 Ala. 337, 139 So.2d 309; McBride v. State, 20 Ala. App. 434, 102 So. 728; and Jackson v. Vaughn, 204 Ala. 543, 86 So. 469.
 "In Aaron v. State, 273 Ala. 337, 345, 139 So.2d 309, 316, we did observe:
 "`The general rule is that evidence by a third party of an extrajudicial identification is admissible in rebuttal of testimony tending to impeach or discredit the identifying witness, or to rebut a charge, imputation or inference of falsity. * * *'
 "This is not an express holding that testimony of the nature given by witnesses Riddle and Wimberly is inadmissible.
 "In McBride v. State, supra, the appellant had been convicted of manslaughter in the second degree by running over one Sarah Clark with an automobile. In reversing the trial court, the Court of Appeals of this state said, in part:
 "`* * * We have searched this record diligently for evidence that would tend to connect the defendant with the commission of this crime. Such evidence is not in the record, and this defendant was entitled to the general affirmative charge. True, one of the city detectives testified that defendant was brought to headquarters on the day of the accident and "identified by Gilbreath." This was the merest hearsay, and should have been excluded. * * *' (Schroeder v. Schroeder, 102 So.2d 729).
 "As bearing on the distinction sought to be made by the Solicitor between actions and statements testified to by third parties, we quote from Jackson v. Vaughn, 204 Ala. 543, 544-545, 86 So. 469, 470:
 "`The sixth assignment is that reversible error was committed in overruling the objection to the question propounded to witness J.F. Knox:
 "`"Did anybody point out to you, the points where the boy was standing, or where he was struck, or anything of that kind?"
 "`This interrogatory, without more, had a tendency to elicit hearsay evidence.'
 "In Key v. State, 240 Ala. 19, 197 So. 364, we were not concerned with the question presently under consideration. A violation of the hearsay rule was not involved. *Page 20 
 "We are of the opinion that the testimony of a third person who heard or observed an extrajudicial identification should not be admitted except under circumstances such as were present in Aaron v. State, 273 Ala. 337, 139 So.2d 309, or under unusual circumstances."
The Seals court found the testimony of the police officers to be harmless error, because Seals's identification by Mrs. Shaw both in court and at the lineup was undisputed. The same conclusion cannot be reached in this case, because the victim did not make an in-court identification, nor did he testify that he identified the defendant at the lineup.
It is true that authority exists to the contrary, notablyAbercrombie v. State, 382 So.2d 614 (Ala.Crim.App. 1980). The facts of that case are succinctly stated in the opinion at 382 So.2d 615:
 "Ethel Walker was employed at Southway Drug Department in Jefferson County. At approximately 9:30 on the morning of July 10, 1978, a customer entered and gave her a prescription to be filled. She gave this prescription to the pharmacist. Because Mrs. Walker admitted that she could not identify this customer her in-court identification of the defendant was suppressed.
 "The pharmacist, James Arthur Beard, Jr., did not see who handed Mrs. Walker the prescription. However, at the time, Mrs. Walker identified the man to Mr. Beard who then saw the individual. Once Mr. Beard received the prescription he telephoned the police. When the police arrived, Mr. Beard identified the defendant who was still in the store and the defendant was arrested. Upon being arrested the defendant denied giving anyone a prescription.
 "When the defendant was arrested, Mrs. Walker made a statement that `she would have trouble about identifying the person, or something' meaning that `she could identify him on that occasion, but that she didn't know about six months from now.'
 "The testimony in the record reveals that Mr. Beard's identification of the defendant as the individual who gave Mrs. Walker the forged prescription was based on what she told him at the time. It is equally clear that Mrs. Walker was able to identify the man who gave her the forged prescription when he actually handed it to her and that she could not identify him at a subsequent date."
That opinion cites as authority a passage in C. Gamble,McElroy's Alabama Evidence § 273.01 (3d ed. 1977):
 "A statement which is useful in identifying a person, time, place or other thing is admissible for that purpose as a hearsay exception. The statement, of course, may not be considered as evidence of the truth of the matter asserted but only for the limited purpose of identification."
(Footnote omitted.)
While this general statement has application in a number of instances, e.g., fixing the date of a crime, Kyzer v. State,250 Ala. 279, 33 So.2d 885 (1947), or the place where a crime was committed, Stone v. State, 243 Ala. 605, 11 So.2d 386
(1943), it cannot be used, as its express terms recite, as thetruth of the matter asserted.
In this case, the prosecuting witness, Watson, made no in-court identification of the defendant, nor did he testify that he identified the defendant in the lineup. Thus, there was no evidence identifying the defendant as the thief at that stage of the trial. Then, the State produced the two police officers who testified "that Watson [the prosecuting witness] identified Thomas [the defendant] in a lineup." This was the equivalent of allowing the officers to testify that "Watson said Thomas is the thief." Without question, that statement was admitted for a hearsay purpose, as evidence of "the truth of the matter asserted," i.e., that Watson's identification was the truth, and thus as substantive evidence that Thomas was the thief.
The allowance of such evidence in this case was contrary to the rule recognized in Aaron, supra, and Seals, supra, and the *Page 21 
general rule recognized in 71 A.L.R.2d 449 at 486:
 "The testimony of a third person has generally been treated as inadmissible as original or substantive evidence as to the identity of the accused as the guilty party."
To the extent that it is contrary to the views expressed herein, Abercrombie v. State, is overruled.
The judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
All the Justices concur.