The appellants, Tracy Leon Pettway and Simon Marco Charley, were convicted of kidnapping and robbery, violations of §§13A-6-43, 13A-6-41, Ala. Code (1975). Appellant Pettway was also convicted of rape in the first degree, a violation of §13A-6-61. Appellant Pettway was sentenced to three life terms, those terms to run consecutively. Appellant Charley was sentenced to two life terms, his terms to run concurrently.
The state's evidence tended to show that on the morning of February 15, 1989, the victim, a school teacher, was kidnapped from the parking lot of the elementary school where she worked, while attempting to leave her vehicle. She was ordered by appellant Pettway, who had a knife, to get back into her car and to give him the keys. Pettway drove the car down the street and stopped to pick up appellant Charley. Appellant Charley did not say anything while in the car; he pointed to items that the victim was wearing that he wanted. The victim gave Charley her watch, her wedding ring, and her earrings. Pettway repeatedly asked the victim if she had any money. She repeatedly answered no, that she did not. Appellant Pettway told Charley that since she had no money he was going to let him out of the car. Appellant Charley got out of the car and Pettway continued to drive until they reached a cemetery. It was in the cemetery that *Page 395 
Pettway parked the car and raped the victim. Appellant Pettway told her not to tell anyone what had happened. Pettway drove a distance and then stopped the vehicle and left. The victim then returned to the school and called the police.
Appellants argue that the trial court erred in allowing the prosecutor in his opening statement to refer to the victim's extrajudicial identification of them. After the district attorney commented on the victim's extrajudicial identification, the following occurred:
 "Mr. Brutkiewicz [counsel for Pettway]: Judge, based on Mr. Galanos's comments that a police officer is going to testify that [the victim] picked the Defendants out of a photo spread, we move for a mistrial on the grounds that it's improper argument; it's an impermissible suggestion that the Defendants had prior criminal conduct and it's a situation designed for rebuttal, we submit, and not case in chief and the occasion hasn't arisen that it would be admissible.
 "The Court: I simply don't agree with you. That's the reason I sustained the objection to start with, but you got it in the record.
 "Mr. Deen [Counsel for Charley]: Judge, we on behalf of Simon Charley move for a mistrial. Our trial strategy was — at the beginning of this case was to not ask the victim any questions at all on behalf of Mr. Charley as to identification, but now we'll have to change, if you don't grant the mistrial. That's just impermissible comment that — about a photo spread . . . (inaudible) bring it up or not . . . (inaudible). We would rely on her in-court identification.
 "The Court: I see nothing wrong with him referring to a photo spread; second, I deny the motion for mistrial; and, third, you may put anything in the record you wish."
This court stated in Carlisle v. State, 371 So.2d 975
(Ala.Cr.App. 1979): "A witness may not corroborate his in-court identification by evidence of an earlier identification of the accused." Carlisle, 371 So.2d at 977. In Fisher v. State,439 So.2d 176 (Ala.Cr.App. 1983), we stated: "Only after an attack upon the credibility of a witness's in-court identification, sufficient to raise an inference of misidentification, is evidence of an earlier, extrajudicial identification properly admitted." This is a well-established principle. See Fisher, at 177; Gross v. State, 395 So.2d 485 (Ala.Cr.App. 1981).
A third party, such as a policeman, may testify that he observed the witness identify the accused out of court only if certain steps are followed before such evidence is presented.
Initially, as discussed above, there must be a serious attempt to impeach the witness's testimony as to the identification. Lee v. State, 565 So.2d 1153 (Ala. 1989); Thomasv. State, 461 So.2d 16, 18 (Ala. 1984) (the impeachment attempt must be one "tending to affect the credibility of the witness"). Second, the witness must first make an in-court identification of the accused or must testify that he or she identified the accused out of court. See Thomas v. State,461 So.2d 15 (Ala.Cr.App. 1984), affirmed, 461 So.2d 16 (Ala. 1984). In Thomas, this court reversed because the lower court had admitted a third party's testimony concerning the witness's identification of the accused even though the witness had not made an in-court identification of the accused or testified that he had identified the accused in a line-up.
 "In criminal trials the state's witness often will identify the accused as the person who committed the crime and the defense, on cross-examination, will attempt to imply that the witness is mistaken or has manufactured his identification. The defense even may be able to prove that the witness had previously said that he did not know, did not recognize and could not identify the person who committed the crime. When the state's witness has been impeached in this manner, it has been held that the state may prove that on some other occasion the witness did in fact identify *Page 396 the accused as the criminal. (emphasis added). This is particularly applicable to permit the witness to tesify that he formerly identified the accused in a police line-up or at the jail. It likewise has been held that this right of rehabilitation, which belongs to the prosecution, extends to the introduction of testimony from a third person that he saw the state's witness identify the accused on a former occasion."
C. Gamble, McElroy's Alabama Evidence § 177.01(6)(a) (3d ed. 1977).
This court, in Brooks v. State, 471 So.2d 511
(Ala.Cr.App. 1985), was faced with a similar issue. In Brooks, the prosecutor made reference in his opening statement to a extrajudicial identification. We did not reverse because of the prosecutor's conduct, however, noting that this issue was not preserved since it had not been objected to at trial. Thus any language in Brooks addressing the merits of this contention is dictum. In the present case the matter was clearly preserved for appellate review.
In this case, the comment made by the prosecutor was made prior to the testimony of the victim. This evidence came in before the defendants had an to discredit the testimony of the victim's identification of the appellants. The prosecutor's comment bolstered the testimony of the victim before her testimony had been discredited. This is not permissible. Thus, relying on the general principle that evidence of an extrajudicial identification is not admissible until the defense discredits the witness's identification, we reverse and remand this case for a new trial.
REVERSED AND REMANDED.
All the Judges concur.