TAYLOR, Judge.
The appellant, a juvenile, appeals from an order transferring his case from the Juvenile Court for Jefferson County to the circuit court for prosecution as an adult.
The appellant was implicated in the November 29,1991, drive-by shooting in which John Henry McGinnis was killed. The state filed a motion requesting that the appellant be transferred to the Circuit Court for Jefferson County to be tried as an adult. The court granted the state’s petition, and this appeal follows.
The appellant’s only contention is that the trial court erred in allowing two Birmingham police detectives to testify at the transfer hearing that they saw two of the state’s witnesses identify the appellant at a physical lineup. Homicide Detective Larry Fowler was with Avis Hinkle, the victim’s brother, at one of the lineups. Detective Fowler testified as follows at the transfer hearing:
“Q [Prosecutor]: And when given an opportunity to view the listed suspect or the lineup, did Avis Hinkle identify anyone?
“A: Yes Sir.
“MR. KNIGHT [Defense Counsel]: Judge, I object at this point that that’s hearsay, and if it is to be admitted, that it be admitted for the limited purpose of identification and not as substantive evidence as to the guilt of the accused.
“THE COURT: Overruled.
“Q: Who did he pick out?
“A: He picked out [the appellant].”
Birmingham Police Detective David Smith also testified that he was present at a lineup where Walter Williams, an eyewitness to the crime, was a witness. The following occurred during Detective Smith’s testimony:
“Q: Okay. What — When you showed it to Walter, did he make any identification or say anything?
“MR. KNIGHT: Judge, at this time, I’d renew my previous objection.
“THE COURT: Okay. Overruled.
“Q: Please answer.
“A: Yes. He said, ‘That’s him, number 2, I’m sure of it.’
“Q: Okay. And who was number 2 in the lineup?
“A: The defendant....”
At the transfer hearing, both Walter Williams and Avis Hinkle testified, and both made in-court identifications of the appellant. Their testimony was given before the testimony of Detective Fowler and Detective Smith.
The appellant relies on Thomas v. State, 461 So.2d 16 (Ala.1984), and contends that that case is dispositive of the issue at hand. In Thomas, the Alabama Supreme Court held that it was error to allow a police officer to testify in a trial that the victim identified the defendant in a lineup, where the victim did not make an in-court identification or testify in court that he had previously identified the defendant at a lineup. We find, however, that Thomas is not applicable to this case. The appeal in Thomas was from a judgment resulting from a trial and not from a transfer hearing and further, both witness testified in this ease.
Generally, hearsay evidence is admissible to show probable cause that the accused committed the crime in question. Ex parte W.T.K., 586 So.2d 850 (Ala.1991); M.W. v. State, 571 So.2d 361 (Ala.Cr.App.1990); Spellman v. State, 469 So.2d 695 (Ala.Cr.App.1985). There are notable exceptions.
The Alabama Supreme Court has held that a statement given by a juvenile that would not be admissible in a proceeding to determine guilt or innocence is also not admissible in a probable cause hearing. Ex parte Whisenant, 466 So.2d 1006 (Ala.1985). This court has recently stated in O.M. v. State, 595 So.2d 514 (Ala.Cr.App.1991), that hearsay evidence that violates the defendant’s right of confrontation may not be admitted at a juvenile transfer hearing. A juvenile transfer hearing “must measure up to the essentials of due process and fair treatment.” Kent v. United States, 383 U.S. 541, 562, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84, 98 (1966). We note that a transfer hearing is not a hearing to *1305 adjudicate the guilt or innocence of the accused, but instead is a probable cause hearing, to determine whether the juvenile should be transferred out of juvenile court for prosecution as an adult. Ex parte W.T.K., supra; Duncan v. State, 394 So.2d 930 (Ala.1981); Smith v. State, 475 So.2d 633 (Ala.Cr.App.1985).
Here, there was no violation of the appellant’s Sixth Amendment right to confront his accusers. Both Mr. Hinkle and Mr. Williams testified and were cross-examined. In this case both Avis Hinkle and Walter Williams made an in-court identification of the appellant. Avis Hinkle testified that, at the time of the drive-by shooting, he was standing in the doorway of his brother’s house, where the shooting occurred. He stated that he saw a truck, with its headlights off, drive down the street. When the truck was almost in front of his brother’s house, the men riding in the bed of the truck began shooting at his brother. Walter Williams testified that he and the victim were standing next to Walter’s car when the shooting began. He further testified that he saw the truck and the people in the bed of the truck, including the appellant. On cross-examination, an inference was raised that neither Mr. Hin-kle nor Mr. Williams actually were in a position to see the appellant in the bed of the pickup truck, because both men ducked to avoid being shot. In other words, the cross-examination tended to impeach or discredit the witnesses’ identification of the appellant. These facts lead us to an analysis under Aaron v. State, 273 Ala. 337, 139 So.2d 309 (1961), cert. denied, 371 U.S. 846, 83 S.Ct. 81, 9 L.Ed.2d 82 (1962), to determine whether it was permissible to allow the two detectives to testify as to what was said by the witnesses at the respective lineups. We conclude that it was correct to allow the rehabilitative testimony.
This case also is factually distinguishable from Thomas v. State, supra; the facts more closely parallel those in Seals v. State, 282 Ala. 586, 213 So.2d 645 (1968). In Seals, the Alabama Supreme Court stated:
“We are of the opinion that testimony of a third person who heard or observed an extrajudicial identification should not be admitted except under circumstances such as were present in Aaron v. State, 273 Ala. 337, 139 So.2d 309, or under unusual circumstances.”
Seals, 282 Ala. at 603, 213 So.2d 645. The general rule in Aaron was that “evidence by a third party of an extrajudicial identification is admissible in rebuttal of testimony tending to impeach or discredit the identifying witness, or to rebut a charge, imputation or inference of falsity.” Aaron, 273 Ala. at 345, 139 So.2d 309.
The court in Seals noted that the facts of that case did not match the facts in Aaron, but held that it was harmless error to allow a police officer to testify as to the witness’s conduct at a pre-trial lineup, because both the witness’s pre-trial and in-court identification of the defendant were undisputed.
The appellant was not denied his constitutional right to confront and to cross-examine his accusers during the transfer hearing. O.M. v. State, 595 So.2d 514 (Ala.Cr.App.1991), writ quashed, 595 So.2d 528 (Ala.1992). The trial court did not err in receiving the officer’s testimony into evidence during the transfer hearing.
For the foregoing reasons, the transfer order is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.