TAYLOR, Judge.
The appellant, Tracy Leon Pettway, was charged in March 1988, in a three-count indictment with rape in the first degree, kidnapping in the first degree, and robbery in the first degree, violations of §§ 13A-6-61, 13A-6-43, and 13A-8-41, Code of Alabama 1975, respectively. The appellant was convicted of all three charges. On direct appeal, this court reversed the appellant’s convictions and remanded the case to the circuit court because of an impermissible comment by the prosecutor in opening argument. Pettway v. State, 571 So.2d 394 (Ala.Cr.App.1990).
The appellant was tried again on the same three charges. He was convicted of first degree rape and kidnapping, but the jury found him not guilty of robbery. On appeal from those convictions, this court held that the trial court erred in excluding certain evidence that the defense sought to present at trial. The judgment was reversed and the case again remanded to the circuit court. See Pettway v. State, 597 So.2d 737 (Ala.Cr.App.1992).
The appellant moved to dismiss the charges against him, contending that because he was found not guilty on the charge of robbery, the state was collaterally estopped from attempting to prove his guilt on the rape and kidnapping charges because, he says, all three offenses arose out of the same incident. The court denied the appellant’s motion. The appellant then pleaded guilty to the charges of rape in the first degree and kidnapping in the first degree, but reserved the right to appeal the denial of his motion to dismiss. He was sentenced to 20 years’ imprisonment on each conviction.
The appellant contends that the only disputed issue concerning the kidnapping, rape, and robbery of the victim in this case was the identity of the perpetrator. He stipulated to the fact that the victim was kidnapped, raped, and robbed, but he contended that he was not the person who committed these crimes. Therefore, he contends that because the jury did not find that he committed the robbery of the victim, it was impossible for the jury to find that he was the person who kidnapped and raped the victim.
While it is true that the jury found the appellant not guilty of robbery, it is just as true that the jury found the appellant guilty of rape and kidnapping. When this court reversed the appellant’s convictions for rape and kidnapping, after his second trial, we did so not because the state failed to present sufficient evidence of the appellant’s guilt, but because of an improper ruling of the trial court that excluded evidence offered by the defense.
At the most, the appellant could argue that the jury verdicts in the second trial were inconsistent. Inconsistent verdicts, however, do not require reversal. Hammond v. State, 497 So.2d 558 (Ala.Cr.App. *649 1986). In Hammond, Judge Patterson, writing for this court, examined the relationship of inconsistent verdicts and collateral estop-pel:
“In United States v. Powell, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984), wherein the United States Supreme Court reasserts the well established principle that inconsistent verdicts are permissible in federal courts, the respondent argued that the principles of res judicata or collateral estoppel should apply to verdicts rendered by a single jury, to nullify a guilty verdict rendered on a compound offense where the jury acquits the defendant of the predicate offense. Id. at 63, 105 S.Ct. at 476. The respondent was urging the Court to carve out an exception to the general rule enunciated in Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), that a defendant convicted by a jury on one count cannot attack that conviction by a jury on the ground that it is inconsistent with the jury’s verdict of acquittal on another count.
“In rejecting the respondent’s argument for an exception to the Dunn rule, the Court noted Dunn ⅛ progeny and observed that ‘this is not a case where a once-established principle has gradually been eroded by subsequent opinions of this Court.’ 469 U.S. at 63, 105 S.Ct. at 476. In further proclaiming the soundness of the Dunn rule and disregarding the respondent’s argument, the Powell Court stated:
“ ‘As the Dunn Court noted, where truly inconsistent verdicts have been reached, “[t]he most that can be said ... is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant’s guilt.” Dunn, supra, 284 U.S., at 393, 52 S.Ct., at 190. The rule that the defendant may not upset such a verdict embodies a prudent acknowledgement of a number of factors. First, as the above quote suggests, inconsistent verdicts — even verdicts that acquit on a predicate offense while convicting on the compound offense — should not necessarily be interpreted as a windfall to the Government at the defendant’s expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense. But in such situations the Government has no recourse if it wishes to correct the jury’s error; the Government is precluded from appealing or otherwise upsetting such an acquittal by the Constitution’s Double Jeopardy Clause. [Cites omitted.]
“ ‘Inconsistent verdicts therefore present a situation where “error,” in the sense that the jury has not followed the court’s instructions most certainly has occurred, but it is unclear whose ox has been gored. Given this uncertainty, and the fact that the Government is precluded from challenging the acquittal, it is hardly satisfactory to allow the defendant to receive a new trial on the conviction as a matter of course. Harris v. Rivera, [454 U.S. 339, 102 S.Ct. 460, 70 L.Ed.2d 530 (1981) ], indicates that nothing in the Constitution would require such a protection, and we therefore address the problem only under our supervisory powers over the federal criminal process. For us, the possibility that the inconsistent verdicts may favor the criminal defendant as well as the Government militates against review of such convictions at the defendant’s behest. This possibility is a premise of Dunn ⅛ alternative rationale — that such inconsistencies often are a product of jury lenity....
“ ‘... The fact that the inconsistency may be the result of lenity, coupled with the Government’s inability to invoke review, suggests that inconsistent verdicts should not be reviewable.
‘“We also reject, as imprudent and unworkable, a rule that would allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error that worked against them. Such an individu *650 alized assessment of the reason for the inconsistency would be based either on pure speculation, or would require inquiries into the jury’s deliberations that courts generally will not undertake. [W]ith few exceptions, once the jury has heard the evidence and the case has been submitted, the litigants must accept the jury’s collective judgment. Courts have always resisted inquiring into a jury’s thought processes through this deference the jury brings to the criminal process, in addition to the collective judgment of the community, an element of needed finality.
“ ‘Finally, we note that a criminal defendant already is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts.’”
“469 U.S. at 64-67, 105 S.Ct at 477-78 (footnote omitted).
“In commenting further on the respondent’s argument that the acquittal on the predicate offense should collaterally estop the Government on the compound offense, the Court stated that ‘the argument necessarily assumes that the acquittal on the predicate offense was proper — the one the jury “really meant.” ’ Id. at 68, 105 S.Ct. at 478. However, as the Court recognized, this is not necessarily correct.' The Court further noted:
“‘The problem is that the same jury reached inconsistent results; once that is established principles of collateral es-toppel — which are predicated on the assumption that the jury acted rationally and found certain facts in reaching its verdict — are no longer useful.’
“Id. at 68, 105 S.Ct. at 479.
“In conclusion, the Court recognized that the respondent ‘is given the benefit of her acquittal on the counts on which she was acquitted, and it is neither irrational nor illogical to require her to accept the burden of conviction on the counts on which the jury convicted.’ Id. at 69, 105 S.Ct. at 479.
“We adopt this approach formulated in Dunn and the cases which followed it and we find that ‘the best course to take is simply to insulate jury verdicts from review on this ground.’ Id. at 69, 105 S.Ct. at 479 (footnote omitted). This conclusion follows the recent opinion in McClellan v. State, 484 So.2d 1150 (Ala.Cr.App.1985). There, the court recognized the conflict of views on the treatment of the inconsistent verdicts rendered on several counts and chose to adopt the majority view, which follows the holding of Dunn. See also W. LaFave & J. Israel, Criminal Procedure § 23.7(e) (1984) (recognizing that most state courts follow the approach taken by the Supreme Court).
“As Dunn ‘stressed the unreviewable power of a jury to return a verdict of not guilty for impermissible reasons,’ Harris v. Rivera, 454 U.S. at 346, 102 S.Ct. at 464, so have the Alabama appellate courts. See, e.g., Bradham v. State, 27 Ala.App. 225,170 So. 222, cert. denied, 233 Ala. 106, 170 So. 223 (1936) (wherein the court recognized that, although the same evidence amply supported a guilty verdict on both counts of the indictment, it was within the province of the jury to find the defendant guilty on only one count).”
Hammond, 497 So.2d 558, 562-63 (Ala.Cr. App.1986).
The jury’s finding the appellant guilty of rape and kidnapping at the second trial was supported by the evidence. We cannot speculate as to why the jury found the appellant not guilty of robbery. Had the appellant, on direct appeal, attacked the jury’s verdicts on the rape and kidnapping charges as being inconsistent with the not guilty verdict on the robbery charge, he would not have been successful for the reasons stated above.
For the foregoing reasons, the appellant’s convictions are due to be affirmed.
AFFIRMED.
All the Judges concur.