LEIGH M. CLARK, Retired Circuit Judge.
On a trial by jury, Ricky Allen Sherer was convicted on each of three indictments charging him with receiving stolen property in the first degree and sentenced to imprisonment for three years in each case, the sentences to run concurrently. The consolidation was ordered in the absence of defendant and his attorney and without the consent of either, on a motion by the State that the cases be consolidated. Appellant contends that the consolidation “without first granting the Defendant an opportunity to be heard” constituted prejudicial error. The contention was timely presented by defendant as disclosed by the following portion of the transcript:
“MR. WALLACE [Defendant’s attorney]: Your Honor, the State has made a motion to consolidate the cases for the trial and in the State’s motion, the State asks for a hearing on the matter and the Court granted the motion without a hearing and we object. Number 1, we have grounds to be heard and number 2, we do not feel the procedure purports [comports] with the Alabama Criminal Rules of Procedure. And we make an offering to the Court that in this particular case, so much of what the Defendant would offer in testimony and the defense is going to be very largely depend on the evidence presented by the State in each case, and that in one or two of these cases, I feel like the Defendant would not testify or offer any evidence but in one or two of these three cases, if they were not consolidated for the trial, the Defendant might be able to testify. “THE COURT: Your witnesses are the same in all three cases?
“MR. GUY [Attorney for the State]: Yes, sir. It was part of the same common plan or scheme. Selling trucks to undercover agents. In one instance, we have him present with another person, his father, selling the truck, and the other instance, he came down to sell some more at the time they were trying to serve him with a warrant.
“THE COURT: The Court finds under the circumstances, and the Court has reviewed the trial but first of all, I granted the motion without the hearing. First of all, the Court felt that a hearing wasn’t necessary in that the Court made a determination independently that all of these cases involved the same scheme of events. And, the Court feels that the Defendant would not be prejudiced in any way by consolidating all three cases and trying them at the same time since the witnesses are the same, same line of transactions, and basically the same factual situation. The Court, upon considering all of that, granted his motion to consolidate. After listening to you, the Court finds there is no reason or no good reason to overturn that order or set that order aside. So, the motion is denied.”
Rule 15.3, Alabama Rules of Criminal Procedure, provides:
“(a) JOINDER. Two or more offenses may be joined in an indictment, information, or complaint, if they:
“(i) Are the same or similar character; or
*961 “(ii) Are based on the same conduct or are otherwise connected in their commission; or
“(iii) Are alleged to have been part of a common scheme or plan.
“Offenses shall not be joined in the same count of an indictment or information. Felonies and misdemeanors may be joined in separate counts of the same indictment or information.
“(b) CONSOLIDATION. If a defendant has been charged in separate indictments, informations, or complaints, the court, on its own initiative or on motion of either party, may, not later than seven days prior to trial, order that the charges be tried together if the offenses could have been joined in a single indictment, information, or complaint. Proceedings thereafter shall be the same as if the prosecution initially had been under a single indictment, information, or complaint. However, the court shall not order that the offenses be tried together without first providing the defendant and the prosecutor an opportunity to be heard.”
From the above, it is to be observed that the order of the trial court “without first providing the defendant ... an opportunity to be heard” was in violation of Rule 15.3(b). Nevertheless, after the mistake of the trial court in this respect, a colloquy occurred between the trial court and defendant’s attorney in which defendant was given an opportunity to convince the trial court that the cases should not be consolidated for trial. It is clear therefrom that the ruling of the trial court granting the State’s motion to consolidate would have been the same if there had been compliance with Rule 15.3(b). In this circumstance, no injury to defendant is shown by the court’s action in its premature grant of the State’s motion to consolidate, before defendant was given an opportunity to be heard, it being shown by the transcript and the language of Rule 15.3 that the trial court was justified in determining that the three indictments met all of the other requirements for consolidation set forth in Rule 15.3. Although the action of the court in granting the motion to consolidate before defendant was afforded an opportunity to be heard thereon was erroneous, it did not constitute reversible error.
Appellant’s second contention for reversal is directed exclusively at one of the cases, CC-83-638, in which the property allegedly stolen was described as a “1981 Buick Automobile ... of the value of $11,000.00, the property of Ewel E. Garrett.” It is argued in the brief of counsel for appellant that there was a material variance between the indictment and the evidence as to the ownership and the description of the automobile. In considering the question of whether there was a material variance, we noted at the outset that the evidence presented'by the State is not as definite and specific as it should be on the point. The only witness testifying as to the ownership and description of the property was Angela Michelle Garrett Jones, a resident of Decatur, Alabama, who testified on direct examination in pertinent part as follows:
“Q. During that time, were you an owner of an Oldsmobile Cutlass? Buick Oldsmobile Cutlass [sic].
“A. My father owns [sic] the car but he gave it to me for a gift. Yes.
“Q. Okay. Can you describe that car for us?
“A. It’s an ’81 Cutlass Olds Supreme. It’s light jade stone.
“Q. Okay. I’d like for you to, if you would, to take a look at what has been marked as State’s Exhibit Number Two Seven and Nine for identification purposes only, and ask you do you recognize the car in that or in those pictures? “A. That’s my car.
“Q. Is that your car?
“A. Yes. That’s my car.”
State’s Exhibits Two, Seven, and Nine were introduced in evidence, but the transcript does not include copies of the exhibits. The transcript shows that the parties understood, even if we do not, that the father of the witness Angela Michelle Garrett Jones, was Ewel Garrett, who was named *962 in the indictment as the owner of the automobile. This is disclosed by the court reporter’s transcript of argument of defendant’s counsel, which states in pertinent part:
“The proof is that an Oldsmobile was stolen and that the — while the title of the automobile still lies in [Ewel] Garrett, the car is in the actual possession and control of his daughter and it was at the time of the theft.”
Although what evidence we have to consider tends to show that the automobile was owned by the daughter instead of the father at the time it was stolen, it does not establish with certainty the legal ownership thereof in either as distinguished from the other, and we cannot say with reasonable certainty that there was a material variance between the indictment and the evidence as to which of the two owned the automobile at the precise moment it was stolen.
As to the claimed variance between the indictment as to the make of the automobile and the evidence as to the make of the automobile, the transcript is not clear. It tends to show it was actually an Oldsmobile and not a Buick, but there remains some doubt in view of the question asked the witness on direct examination, ‘During that time, were you an owner of an Oldsmobile Cutlass? Buick Oldsmobile Cutlass.”
Notwithstanding the ambiguity in the evidence as to whether the automobile alleged to have been stolen in CC-83-638 was a Buick, as alleged in the indictment, or, on the other hand was an Oldsmobile, as the evidence seems to preponderate, we are convinced that whatever variance there was in this respect was not substantially injurious to defendant and did not mislead him in making his defense to the indictment charging him with the felonious receipt of a “1981 Buick Automobile.”
“For a variance to be material, it must be misleading or substantially injurious to the accused in making his defense. Blackmon v. State, 46 Ala.App. 274, 240 So.2d 696, cert. denied, 286 Ala. 733, 246 So.2d 699 (1970). It is sufficient to prove so much of the indictment as shows the accused committed the substantial offense specified therein. Rogers v. State, 3 So.2d 19 (Ala.Cr.App.1977), cert. denied, 353 So.2d 24 (Ala.1977).”
Tyson v. State, Ala.Cr.App., 361 So.2d 1182, 1188 (1978)
As a final contention for reversal in one of the cases, appellant says that the trial court erred in denying defendant’s motion for a judgment of acquittal on the ground of a failure to prove a prima facie case in CC-83-639. He attempts to base his contention on the principle that for a defendant to be guilty of the crime of disposing of stolen property, he must have in some manner been in possession of the property. According to the testimony of Jerry Hodges, an employee of the Alabama Department of Public Safety, there was a telephone conversation during the early morning of February 25, 1983, with an unknown person as follows:
“The individual asked if T.J. [the undercover name for an investigator of the Alabama Department of Public Safety] was there and I said no, he is not here right now. Can I help you? He said, tell him I have got two cars at the Days’ Inn and I need to get in touch with him. And then he stated that I’ve got to get out of here because there are police all over the place.”
Prior to the testimony of Jerry Hodges quoted above, investigator Doug Nelson, employed by the Alabama Bureau of Investigation, had testified that on February 10, 1983, he was engaged in an undercover assignment to purchase stolen automobiles. He introduced himself to defendant and other members of defendant’s family as “T.J. Douglass,” and by that name engaged in a relation with defendant that eventuated in a purchase by the witness from defendant of a stolen Ford truck, the truck that constituted the motor vehicle allegedly stolen in case CC-83-640.
The undisputed evidence shows that promptly after a telephone conversation of February 25, 1983, between Jerry Hodges *963 and the person who had asked for “T.J.,” Ms. Marietta Prevost, a certified latent fingerprint examiner employed by Alabama Bureau of Investigation, went to Days Inn at Hope Hull, Alabama, where she reported to Captain Don Kimbrough, who explained to her which automobiles he wanted processed for fingerprints and instructed her to take some latent fingerprints from a room in the motel. At that time, according to the undisputed evidence, the defendant was not there. Ms. Prevost testified that as to many of the latent fingerprints she lifted, particularly as to fingerprints taken from the room and contents thereof at Days Inn, the prints were the fingerprints of a person other than Ricky Sherer. However, she also testified that she lifted some latent fingerprints that were determined to have been Ricky Sherer’s fingerprints from one, and probably both, of the automobiles she was called upon to examine at Days Inn; whether from the one upon which the indictment in CC-83-638 or the indictment in CC-83-639 is based, we are unable to determine with certainty. Nevertheless, the evidence is reasonably clear that the person responsible for the presence of either of the two automobiles at Days Inn at that time was not working alone in such activity but was acting in cooperation with the individual who was responsible for the presence of the other automobile at Days Inn at that time. We conclude therefrom that there was substantial evidence that appellant possessed the automobile that formed the basis for the indictment in CC-83-639, either as a principal or as an aider or abettor to one who had manual possession thereof. As a consequence, our conclusion is that the trial court was not in error in denying defendant’s motion for a judgment of acquittal in case CC-83-639.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.