The Baldwin County Grand Jury returned fifteen indictments against appellant, Ernest Langham, for various sex offenses involving children. Seven of the indictments were nol-prossed prior to trial on motion of the State. The remaining eight indictments were consolidated for trial over appellant's objection.
Of the remaining eight indictments, one charged appellant with the offense of rape in the first degree in violation of §13A-6-61, Code of Alabama 1975, alleging that appellant, being over sixteen years of age, engaged in sexual intercourse with a female who was less than twelve years of age; one charged appellant with the offense of sexual abuse in the first degree in violation of § 13A-6-66, alleging that appellant, being over sixteen years of age, subjected a female less than twelve years of age to sexual contact; two charged appellant with the offenses of sodomy in the first degree in violation of §13A-6-63, alleging that appellant, being over sixteen years of age, engaged in deviate sexual intercourse with females who were less than twelve years of age; and four of the indictments charged appellant with the offenses of enticing children under sixteen years of age to enter a house for immoral purposes in violation of § 13A-6-69. The indictments involved four different females who were under the age of twelve years at the time of the commission of the alleged offenses.
At arraignment, appellant pleaded not guilty, and not guilty by reason of insanity to all charges. There being no evidence of insanity presented during the trial of the case, the trial court withdrew the insanity plea from the jury's consideration prior to its deliberations.
The cases were tried to a jury, which on July 10, 1985, returned verdicts of guilty as charged in all eight indictments. On July 12, 1985, appellant was sentenced to life imprisonment on each of the two charges of sodomy in the first degree, life imprisonment on the charge of rape in the first degree, ten years' imprisonment on the charge of sexual abuse in the first degree, and five years' imprisonment on each of the four charges of enticing children under sixteen years of age to enter a house for immoral purposes. It was ordered that all sentences be served concurrently. *Page 913 
Appellant appeals these convictions, raising four issues. No issue is presented as to the sufficiency of the evidence to support the verdict; nevertheless, we have examined the record and find that the evidence presented by the State was sufficient to support the appellant's conviction on all charges. We will recite in this opinion only those facts necessary for the examination of the issues raised in appellant's brief.
 I
Appellant first contends that the trial court committed reversible error when it denied his pre-trial motion for a change of venue. He argues that "the trial atmosphere had been corrupted by the extensive pre-trial press coverage and that the venire was so influenced by said publicity that the appellant was not reasonably afforded a fair hearing."
An accused is entitled to a change of venue if he can affirmatively demonstrate to the trial court that the pre-trial publicity has so saturated the community as to have a probable impact on the prospective jurors or that there is a connection between the publicity generated and the existence of actual jury prejudice. Fike v. State, 447 So.2d 850 (Ala.Cr.App. 1983); Nelson v. State, 440 So.2d 1130 (Ala.Cr.App. 1983);Anderson v. State, 362 So.2d 1296 (Ala.Cr.App. 1978); Ala. Code (1975), § 15-2-20. Except in the situation where there has been a showing of inherently prejudicial publicity which has so saturated the community as to have a probable impact upon the prospective jurors, the trial court's preliminary responsibility in dealing with allegedly prejudicial pre-trial publicity is to determine whether, as a result of such publicity, it is reasonably unlikely that the defendant can secure a fair and impartial trial. Sheppard v. Maxwell,384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); Estes v. Texas,381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965); Rideau v.Louisiana, 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663 (1963);Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751
(1961); Anderson v. State, supra. The constitutional standard of fairness requires that a defendant have a panel of impartial jurors; however, in order to be qualified they need not be totally ignorant of the facts and issues involved. Dobbert v.Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977);Murphy v. Florida, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589
(1975); Irvin v. Dowd, supra; Anderson v. State, supra. InIrvin v. Dowd, 366 U.S. at 723, 81 S.Ct. at 1642-43, the United States Supreme Court stated:
 "To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." (Citations omitted.)
However, the juror's assurances that he can lay aside his impression or opinion and render a verdict based on the evidence presented in court cannot be dispositive of the accused's rights, and it remains open to the defendant to demonstrate the actual existence of such an opinion in the mind of the juror as will raise the presumption of partiality.Murphy v. Florida, supra; Irvin v. Dowd, supra; Anderson v.State, supra.
Here, appellant was first arrested on October 29, 1984, on the charge of enticement involving child T. Wilson. He was thereafter arrested on December 5, 1984, as a result of the indictments. The jury returned its verdicts of guilty on July 10, 1985. In support of his motion for change of venue, appellant offered evidence that television station WALA, Mobile, Alabama, reported news of the charges against appellant on October 29, 1984, October 31, 1984, November 1, 1984, November 2, 1984, and December 13, 1984.
Appellant also established that after his arrest, the Baldwin County District Attorney spoke at various civic group meetings and to audiences of school children at various schools on the subject of sexual abuse *Page 914 
of children. He also spoke on the radio ten to fifteen times.
At times during these public statements by the district attorney, he mentioned the cases pending against appellant in the context of there being statute of limitations problems in child abuse and molestation prosecutions. He testified that when he mentioned appellant's cases he never disclosed the facts.
Appellant makes no argument that the media coverage of the case was other than objective. On voir dire, the jurors were questioned in panels of ten each. Four jurors in the first panel of ten stated that they had heard or read about the case, but only two of them stated that they had a fixed opinion, and they were excused. The others stated that what they had heard or read would not prevent them from giving the appellant a fair trial based upon the evidence presented. Four jurors on the second panel stated that they had heard or read about the case, but had no fixed opinion. Only one juror on the third panel had read or heard something about the case, but that juror had formed no fixed opinion. On the fourth panel, only two jurors out of the eight stated that they had read or heard about the case, but they had no fixed opinion. Thus, out of thirty-eight veniremen, only eleven had heard about the case, and only two of those expressed a fixed opinion. They were excused. The record discloses that station WALA T.V. did not carry the case as a news item from December 13, 1984, until the time of trial on July 10, 1985. The passage of time cannot be ignored as a factor in bringing objectivity to the trial. Robinson v. State,430 So.2d 883 (Ala.Cr.App. 1983).
We do not believe that the pre-trial publicity, including the public statements of the district attorney, even remotely approaches the magnitude of prejudicial publicity condemned by the Supreme Court in Estes, Sheppard, and Irvin. Outside influences had not so infiltrated the community at large as to render the existence of community prejudice against the appellant probable. Here, there was no trial atmosphere "utterly corrupted by press coverage." Dobbert v. Florida,432 U.S. at 302, 97 S.Ct. at 2302 (quoting Murphy v. Florida,421 U.S. at 798, 95 S.Ct. at 2035).
Furthermore, appellant has failed to show a connection between the publicity generated by the news articles, television and radio broadcasts, public statements of the district attorney, and the existence of actual jury prejudice.McWilliams v. United States, 394 F.2d 41 (8th Cir. 1968), cert. denied, 393 U.S. 1044, 89 S.Ct 643, 21 L.Ed.2d 593 (1969);Nelson v. State, supra; Anderson v. State, supra. The evidence shows that the jury was not prejudiced against appellant. Appellant has failed to establish that the setting of his trial was inherently prejudicial or that the jury selection process of which he complains permits an inference of actual prejudice. We, therefore, find no error in the refusal of the trial judge to grant the motion for a change of venue.
 II
Appellant next contends that reversible error occurred when the trial court granted the State's motion to consolidate the indictments for trial. The State's timely motion to consolidate was based upon A.R.Crim.P.Temp. 15.3, which provides in pertinent part as follows:
 "(a) Joinder. Two or more offenses may be joined in an indictment, information, or complaint, if they:
"(i) are of the same or similar character; or
 "(ii) are based on the same conduct or are otherwise connected in their commission; or
 "(iii) are alleged to have been part of a common scheme or plan. . . .
 "(b) Consolidation. If a defendant has been charged in separate indictments, informations, or complaints, the court, on its own initiative or on motion of either party, may, not later than seven days prior to trial, order that the charges be tried together if the offenses could have been joined in a single indictment, information, or complaint. Proceedings *Page 915 
thereafter shall be the same as if the prosecution initially had been under a single indictment, information, or complaint. However, the court shall not order that the offenses be tried together without first providing the defendant and the prosecutor an opportunity to be heard."
Our rule on joinder and consolidation of criminal offenses is similar to Rule 8 (a), Fed.R.Crim.P., which provides in pertinent part as follows:
 "Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same acts or transactions connected together or constituting parts of a common scheme or plan."
An important policy behind both state and federal rules governing joinder of offenses is that of trial convenience and economy of judicial and prosecutorial resources. United Statesv. Werner, 620 F.2d 922 (2d Cir. 1980); Glanton v. State,474 So.2d 154 (Ala.Cr.App. 1984), rev'd on other grounds,474 So.2d 156 (Ala. 1985); Fed.R.Crim.P. Rule 8 (a); A.R.Crim.P.Temp. 15.3 (a), (b).
Appellant's argument in opposition to consolidation is based primarily on his contention that the facts in the several cases are "substantially divergent," and that the victims are not identical in each case. We find no merit to this contention. The several crimes charged were of the same or similar character. They involved sex crimes against girls between nine and twelve years of age. The offenses took place in the same room in appellant's residence over a relatively short period of time. Appellant lured the girls to his studio under a pretext of painting their portraits. His activities were similar in each case. The girls were shown erotic or sexually explicit magazines, pictures, or films. Much of the evidence was overlapping and relevant in all the cases. The evidence was simple and readily understandable and an average juror would have had no difficulty in separating the evidence as to each victim and each indictment. The offenses were obviously committed as a part of a common scheme or plan.
These were proper cases for consolidation, and the trial court committed no error in granting the State's motion. Unitedv. States v. Werner, supra; United States v. Rabbitt,583 F.2d 1014 (8th Cir. 1978), cert. denied, 439 U.S. 1116,99 S.Ct. 1022, 59 L.Ed.2d 75 (1979); Sherer v. State, 455 So.2d 959
(Ala.Cr.App.), cert. denied, 455 So.2d 959 (Ala. 1984); Butlerv. State, 439 So.2d 210 (Ala.Cr.App. 1983).
 III
Appellant next contends that the trial court committed reversible error by permitting T., a nine-year-old child, to testify.
When a witness is alleged to be incompetent because of infancy, the trial court must, by examination, determine the witness's competency to testify. Coleman v. State,443 So.2d 1355 (Ala.Cr.App. 1983), cert. denied, 443 So.2d 1355 (Ala. 1984); Ala. Code (1975) § 12-21-165. The record shows that the trial court conducted such an examination of witness T. and overruled appellant's objection to her testimony. From her testimony on voir dire, it is clear that she understood the nature of the oath and that she was sworn to tell the truth. She understood that it was wrong to lie and that she could be punished for doing so.
The determination of a child's qualifications to take a witness's oath is necessarily vested in the sound discretion of the trial judge, who has the opportunity of observing the manner and appearance of the child as well as hearing the child's responses to the questions while being examined.Coleman v. State, supra; Harville v. State, 386 So.2d 776
(Ala.Cr.App. 1980). We find that the trial court did not abuse its discretion in allowing T. to testify. We note that her testimony was substantially corroborated by the subsequent discovery in appellant's studio of items which she had described. Her testimony *Page 916 
was clear, forthright, and convincing. Appellant's objection to her testimony was properly overruled.
 IV
Last, appellant contends that reversible error was committed by the admission into evidence of the articles seized in appellant's residence at the time of his arrest. He argues that they were "irrelevant and not probative to the issues at bar." He also argues that if any of the items had probative value, it was outweighed by their prejudicial effect. We disagree.
Evidence is relevant if it has any probative value, however slight, upon a matter at issue in the case. Phelps v. State,439 So.2d 727 (Ala.Cr.App.), cert. denied, 439 So.2d 727 (Ala. 1983); C. Gamble, McElroy's Alabama Evidence § 21.01 (3d ed. 1977). One of the matters at issue here is whether appellant had the required lascivious intent in enticing the girls into his studio. § 13A-6-69. The items complained of, consisting of sexually explicit materials, including magazines, films and pictures, tended to shed light on the issue of intent in reference to the enticement charges, and therefore were relevant. The trial court properly overruled appellant's objections to the admission of the evidence seized in appellant's residence at the time of his arrest.
For the reasons herein stated, the judgment of the circuit court is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.