TYSON, Judge.
Robert Tedder was indicted on six counts, four of which were for enticing a child, in violation of § 13A-6-69, Code of Alabama 1975, one count of sodomy in the first degree in violation of § 13A-6-63, Code of Alabama 1975, and one count of sexual abuse in the first degree, in violation of § 13A-6-66, Code of Alabama 1975. The jury found the appellant guilty on three counts of enticing a child and on the one count of sodomy in the first degree. The appellant was sentenced to 25 years’ imprisonment on the sodomy count and five years on each of the three enticing-a-child *600 counts, with the sentences to run concurrently.
The appellant challenges the sufficiency of the evidence only as it relates to one of the enticing-of-a-child convictions. Thus, the facts will be limited to those concerning that particular incident.
A five-year-old girl and her nine-year-old sister decided to go to the appellant’s trailer home to get some cookies. After the appellant told them to come in, the child and her sister entered the trailer. While the children were inside the trailer, the appellant showed them sexually explicit pictures of himself and his wife. The appellant and his wife admitted at trial that they were practicing nudists. Some pictures shown to the girls were of the act of fellatio.
The appellant did not ask the child or her sister to do anything before or after he showed them these pictures. Furthermore, he did not try to do anything to the children nor did he try to get the children to do anything with him. However, the appellant instructed the children not to tell anyone about being shown the pictures.
I
The appellant challenges the sufficiency of the evidence as to this one incident which occurred during 1983.
This conviction was based on the facts which have been set out above.
The offense of enticing a child is defined in § 13A-6-69, Code of Alabama 1975. This section reads as follows:
“It shall be unlawful for any person with lascivious intent to entice, allure, persuade or invite, or attempt to entice, allure, persuade or invite, any child under 16 years of age to enter any vehicle, room, house, office or other place for the purpose of proposing to such child the performance of an act of sexual intercourse or an act which constitutes the offense of sodomy or for the purpose of proposing the fondling or feeling of the sexual or genital parts of such child or the breast of such child, or for the purpose of committing an aggravated assault on such child, or for the purpose of proposing that such child fondle or feel the sexual or genital parts of such person.”
This statute requires that the accused act with lascivious intent. Certainly, sexually explicit pictures were relevant to show this lascivious intent. Langham v. State, 494 So.2d 910, 916 (Ala.Crim.App.1986).
Thus, there was evidence that this appellant, with lascivious intent, invited these children, who were under 16 years of age, to enter his house trailer. However, we do not find any evidence that the appellant acted
“... for the purpose of proposing to such child the performance of an act of sexual intercourse or an act which constitutes the offense of sodomy or for the purpose of proposing the fondling or feeling of the sexual or genital parts of such child or the breast of such child, or for the purpose of committing an aggravated assault on such child, or for the purpose of proposing that such child fondle or feel the sexual or genital parts of such person.”
Ala.Code § 13A-6-69 (1975).
There is no evidence that the appellant proposed any of the acts listed in this part of the statute in question.
Thus, there was insufficient evidence to support this conviction for “enticing a child” on this particular count. Therefore, an important element of the offense was not established by the evidence. Thus, the conviction on this particular count of “enticing a child” is due to be and is, hereby, reversed and rendered.
We have carefully reviewed the evidence as to all the remaining counts. These were fully proven by proper evidence at trial. This court has also considered the appellant’s pro se brief.
All other convictions are, therefore, due to be and are, hereby, affirmed.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
TAYLOR and PATTERSON, JJ., concur.
BOWEN, P.J., dissents with opinion in which McMILLAN, J., joins.