HOUSTON, Justice.
Robert Tedder was convicted on three counts of enticemént, in violation of Ala. Code 1975, § 13A-6-69, and on one count of first degree sodomy, in violation of Ala. Code 1975, § 13A-6-63. The Court of Criminal Appeals affirmed Tedder’s sodomy conviction and two of his enticement convictions; however, it reversed one of his enticement convictions and rendered a judgment in his favor on that count, holding that the evidence was insufficient to sustain the conviction. After its application for rehearing was overruled, the State filed a petition for a writ of certiorari, which we granted in order to consider whether the Court of Criminal Appeals erred in reversing Tedder’s conviction on the enticement count. For a more detailed statement of the facts and background of this case, see Tedder v. State, 547 So.2d 599 (Ala.Crim.App.1988).
Section 13A-6-69 reads, in pertinent part, as follows:
“It shall be unlawful for any person with lascivious intent to entice, allure, persuade or invite, or attempt to entice, allure, persuade or invite, any child under 16 years of age to enter any vehicle, room, house, office or other place for the purpose of proposing to such child the performance of an act of sexual intercourse or an act which constitutes the offense of sodomy or for the purpose of proposing the fondling or feeling of the sexual or genital parts of such child or the breast of such child, or for the purpose of committing an aggravated assault on such child, or for the purpose of • proposing that such child fondle or feel the sexual or genital parts of such person.”
The Court of Criminal Appeals held that the State failed to prove an essential element of its case — that Robert Tedder invited the children into his trailer for the purpose of proposing to them that they engage in certain sexual acts with him, or for the purpose of committing an aggravated assault on them. We disagree.
The evidence introduced at trial tended to show that Tedder, while wearing only a “g-string,” invited the children into his trailer, where he showed them sexually explicit pictures of himself and his wife. Some of the pictures shown to the children were of the act of fellatio. From this evidence, the jury could have found beyond a reasonable doubt that Tedder invited the children into his trailer for the purpose of making a sexual proposal to them. In fact, as recognized by Presiding Judge Bowen and Judge McMillan in their dissenting opinion, although § 13A-6-69 does not require that a proposal actually be made, the jury could have found that Tedder’s actions constituted the beginning of the proposal itself. The statute does not require that the proposal be communicated by verbal expression or that the proposal be manifested in any particular form or fashion.
*603 For the foregoing reasons, we hold that the State presented a prima facie case of enticement under § 13A-6-69; therefore, that part of the Court of Criminal Appeals’ judgment reversing Tedder’s conviction on the enticement count is reversed, and the case is remanded for reinstatement of that conviction.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS, STEAGALL and KENNEDY, JJ., concur.